**Henry S. MILLER, Plaintiff,**

v.

**DEPARTMENT OF the AIR FORCE, et al., Defendants.**

**Civ. A. No. 84–3883–MA.**

United States District Court,
D. Massachusetts.

Dec. 6, 1985.

---

MEMORANDUM AND ORDER

MAZZONE, District Judge.

In this action, the plaintiff, Henry S. Miller, challenges his removal from employment with the Department of the Air Force for the second time. Given the protracted course of this dispute, some brief factual and procedural background is in order.

Miller began his employment with the Air Force in 1964 as a Patent Advisor. He remained in that position, although serving in different areas of applications, until December 4, 1979, when he received a Notice of Proposed Removal. On the following day, December 5, 1979, Miller contacted the Equal Employment Opportunity counselor, alleging that his removal was based on his national origin (German) and religion (Roman Catholic). On March 20, 1980, Miller filed a formal complaint of discrimination with the Air Force, alleging national origin and religious discrimination. Miller was removed from his position in May, 1980, for performance-related reasons.

On May 28, 1980, Miller appealed his removal to the Merit Systems Protection Board (MSPB). At this point, Miller chose to pursue his administrative remedies on two fronts. He was, with the assistance of counsel, pursuing his discrimination complaint with the Air Force discrimination complaint procedures and he was pursuing his removal for performance-related reasons with the MSPB. These two complaints made their way slowly through the particular administrative procedures and hearings to initial decisions. Tracking these two complaints, the MSPB is addressed first.

On May 20, 1983, the MSPB affirmed the Air Force's decision to remove Miller for his unsatisfactory performance. The decision of the MSPB became final on June 24, 1983 and Miller was advised of his right to seek judicial review by filing an appeal in the U.S. Court of Appeals for the Federal Circuit within 30 days. Miller petitioned for review of the MSPB's decision at a date not disclosed in this record. On December 17, 1984, the Court of Appeals for the Federal Circuit affirmed the decision of the MSPB upholding Miller's removal for deficiencies in the quantity and timeliness of his work. *Miller v. Department of Air Force,* 758 F.2d 667 (Fed.Cir.1984).

In the meantime, Miller filed an action in this Court, *Miller v. Department of the Air Force,* Civil Action No. 84–286–MA, on February 1, 1984, alleging his removal was in retaliation for his outspoken criticism of the Air Force procedures and practices, his active involvement in union matters and his complaints to the MSPB. That action was dismissed on November 7, 1984, this Court lacking jurisdiction because 5 U.S.C. § 7703 conferred exclusive jurisdiction of this claim in the Court of Appeals for the Federal Circuit. With this dismissal and the decision of the Court of Appeals on December 17, 1984, Miller's search for relief from his removal on performance-related grounds came to an end.

As for the EEOC complaint, on April 25, 1983, the Air Force rejected Miller's claims of discrimination. Miller was notified of his right to appeal to the EEOC, or, to file a civil action in the District Court within 30 days. Miller appealed to the EEOC. On October 29, 1984, the EEOC denied Miller's appeal, concluding that his removal was non-discriminatory. On November 29, 1984, Miller filed the present action alleging discrimination on the basis of national origin and religion. In addition, Miller brought several state law claims. Those state law claims were dismissed on August 12, 1985 because, first, the Air Force is immune from all claims arising out of allegedly discriminatory acts other than a claim under 42 U.S.C. § 2000e–16; secondly, the common law claims sounding in tort were subject to the administrative requirements of the Federal Tort Claims Act, 28 U.S.C. § 2675(a), requirements which the plaintiff had not met.

The matter is now before me on the defendant's motion for summary judgment. That motion has been opposed and memoranda, exhibits and affidavits filed by the respective parties.

Defendant argues that the principles of *res judicata* bar the plaintiff from relitigating the propriety of his termination using the federal discrimination laws. Defendant argues that Miller's first suit was initiated under 5 U.S.C. § 7703(c), and that in that suit before the MSPB, Miller could have raised the issue of discrimination as well as the performance related issues. 5 U.S.C. § 7702(a)(1). Thereafter, he could have appealed his "mixed" case to the EEOC or directly to the federal district court. 5 U.S.C. § 7702(a)(1) & (b)(1).

Plaintiff argues that the Federal Circuit decision of December 17, 1984 cannot be given *res judicata* effect because the Federal Circuit would not have had jurisdiction over Miller's discrimination claim if he had raised it there. That is correct. *Chang v. MSPB,* 677 F.2d 173 (1st Cir.1982) (per curiam) (holding that "mixed" cases cannot be appealed from the MSPB to the Circuit Court, but must be brought to the district court).

Plaintiff correctly points out that what defendant wants this Court to give preclusive effect to is plaintiff's failure to bring the discrimination claim to the attention of MSPB, in other words, defendant wants this Court to give preclusive effect to the MSPB decision. That cannot be done because federal employees, after administrative ajudication, are entitled to a *de novo* trial in the district court of their discrimination claims. *Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976). Even if the MSPB had decided the discrimination issue, that decision would not preclude district court review.

Miller *could* have brought both issues, performance and discrimination, to the attention of the MSPB. 5 U.S.C. § 7702(a)(1) & (a)(2); 5 C.F.R. § 1201.151.[1] However, he was not *required* to do so by any stat-

---

**1.** In fact Miller claims to have done so, but to have been told by the MSPB Presiding Official just prior to the MSPB hearing that he understood that a discrimination complaint had been filed and he would not hear testimony regarding discrimination because that issue was being handled in a different forum. Such action was in direct contravention of MSPB policy as set forth in 5 C.F.R. § 1201.151:

> *Policy.* It is the policy of the [Merit Systems Protection] Board to adjudicate impartially, thoroughly and fairly all issues raised under this subpart in the course of an action brought before the Board. In doing so the Board will allow appellants an opportunity to

ute or regulation. It certainly would have been the best and most expeditious way to proceed. Review in that forum may have avoided these proceedings or may have helped in clarifying and identifying the issues. In fact, subsequent to Miller's setting both administrative processes on their independent ways, regulations governing "mixed cases" were enacted and now require the aggrieved person to file either a mixed case complaint with his or her agency or file a mixed case appeal directly with the MSPB, but not both. 29 C.F.R. § 1613.403. It is now encumbent on the agency to inform an employee who is the subject of an action that is appealable to the MSPB and who raises the issue of discrimination of his or her right to proceed only one of the two ways.[2] No matter which path is chosen, the employee is afforded a *de novo* review of his or her discrimination claim in district court. 5 U.S.C. § 7702; 29 C.F.R. § 1613.417.

Accordingly, defendant's motion for summary judgment is denied.

SO ORDERED.

raise allegations of discrimination during the appeals process and to present fully evidence in support of the charges raised.

2. It should be noted that Miller was never informed by the government that he could or should consolidate his appeals. In fact, the evidence is opposite. See note 1 *supra*.