Robert W. COLLIER

v.

UNITED STATES of America, et al.

Civ.A. No. 87-2752.

United States District Court,
W.D. Louisiana,
Alexandria Division.

July 25, 1989.

---

Robert W. Collier, Oakdale, La., pro se.

Joseph S. Cage, Jr., U.S. Atty., John A. Broadwell, Asst. U.S. Atty., Shreveport, La., for defendants.

LITTLE, District Judge.

### RULING

The instant action represents the latest chapter in a complicated procedural maze being pursued by the plaintiff, Robert Collier. The plaintiff is attempting, through these proceedings, to withdraw his application for disability retirement, and to be reinstated to his position of employment with the Bureau of Prisons of the United States Department of Justice ("BOP"). The defendant now urges a motion for summary judgment.

At the outset, the court regrettably notes that the plaintiff has ignored the court's suggestion that he retain an attorney. Choosing instead to proceed pro se, the plaintiff has flooded the court with numer-ous motions, memoranda and exhibits, all typed illegibly and written incoherently. The plaintiff's references to exhibits and other documents and proceedings are made through an indecipherable code, and without discussion of the exhibits' content. Despite the liberal construction which this court must afford to pleadings filed pro se, this court is unable to ascertain with certainty the legal and factual basis for the plaintiff's claims. Nonetheless, the clear, well-documented procedural history presented by the defendants, and the plaintiff's apparent lack of any material contradiction of that history, renders irrelevant the merits of the plaintiff's substantive claims.

The plaintiff was employed by the BOP as a psychiatrist in the Springfield, Missouri prison hospital. In November of 1982, the BOP terminated the plaintiff from that position. The plaintiff filed a timely appeal of the BOP decision to the Merit Systems Protection Board ("MSPB"). The MSPB ultimately, on 22 May 1984, issued an order effectively reversing the BOP decision to terminate the plaintiff's employment.

While the administrative appeals before the MSPB were still pending, and the plaintiff was still separated from his employment, the plaintiff elected to apply for disability retirement status with the Office of Personnel Management ("OPM"), pursuant to 5 U.S.C. § 8337. On 19 March 1984, prior to the MSPB's final decision on the termination appeal, the OPM notified the plaintiff and BOP that the application for disability retirement had been approved. Although the amount of the plaintiff's annuity had not yet been determined, the fact of the plaintiff's separation from employment without pay, together with the determination that the plaintiff had met the disability requirements, rendered the plaintiff's status of disability retirement immediately effective. 5 U.S.C. § 8345(b)(2)(B).

Following the favorable decision by MSPB regarding his termination, the plaintiff attempted to withdraw his application, which had already been approved, for disability retirement. Adhering to a rule con-

tained in the OPM's Federal Personnel Manual, which rule was derived by interpretation from 5 U.S.C. § 8345(b), the OPM on 20 July 1984 denied the plaintiff's request to withdraw his retirement application and status. The plaintiff timely requested reconsideration by OPM of that decision.

Following the OPM decision of 20 July 1984, and purportedly due to the plaintiff's disability retirement status, the BOP refused to reinstate the plaintiff's employment and to pay the outstanding back pay. The plaintiff then appealed the BOP refusal to the MSPB. Exhaustion by the plaintiff of his administrative remedies within the MSPB resulted in a denial of any BOP obligation to recognize the plaintiff's attempt to withdraw from disability retirement status and, consequently, to reinstate the plaintiff. *Collier v. Department of Justice*, MSPB No. SL075283C0058 (St. Louis Regional Office 12 October 1984), *rev. denied*, 27 M.S.P.R. 27 (1985).

The plaintiff next appealed, pursuant to 5 U.S.C. § 7703(b)(1), to the U.S. Court of Appeals for the Federal Circuit. In response to the standard questionnaire supplied by the Federal Circuit to MSPB appellants, the plaintiff indicated that his case against the Department of Justice Bureau of Prisons involved claims of discrimination. The Federal Circuit, therefore, on 27 September 1985, transferred the matter to the U.S. District Court for the Western District of Missouri, pursuant to 5 U.S.C. §§ 7702, 7703(b)(2). Finding that the plaintiff had failed to exhaust the mandatory administrative procedures, the Western District of Missouri, on 8 October 1986, dismissed the action without prejudice. The Missouri District Court noted that an EEOC complaint was then pending against the Department of Justice, though not against the OPM. The EEOC subsequently denied the plaintiff's complaint, and the plaintiff now seeks review in this court of the EEOC decision.

In the meantime, the plaintiff was also pursuing administrative and appellate review of the adverse OPM decision. The MSPB ultimately affirmed the OPM decision, notwithstanding a decision to the contrary by the St. Louis Regional Office. *Collier v. Office of Personnel Management*, 29 M.S.P.R. 38 (1985). The Federal Circuit, in turn, affirmed the MSPB conclusion. *Collier v. Office of Personnel Management*, 795 F.2d 1019 (Fed.Cir.1986).

During the course of his pursuit of the case against OPM, the plaintiff apparently raised the spector of discriminatory conduct by the BOP and, at least indirectly, by the OPM. The decision of the MSPB Regional Office in *Collier v. Office of Personnel Management*, observed that the claims of discrimination against OPM amounted to an assertion that OPM became vicariously responsible for BOP's alleged discrimination by denying the plaintiff's request to withdraw his disability retirement. Accordingly, the Regional Office concluded that the plaintiff's claims of discrimination did not involve the OPM. *Collier v. Office of Personnel Management*, M.S.P.B. No. SL08318510087, at 24 n. 11 (St. Louis Regional Office 22 April 1985).

When the plaintiff appealed the *OPM* case to the Federal Circuit, he again completed a questionnaire for the court. The questionnaire was filed with the Federal Circuit on 26 December 1985, three months after the Federal Circuit had ordered the *Department of Justice* case transferred to the Western District of Missouri. Unlike the earlier case, however, in which the plaintiff affirmatively indicated the presence of claims of discrimination which required transfer of the case to the district court, the plaintiff in the *OPM* case failed to so indicate. Instead, the plaintiff typed a lenghty, rambling and nonresponsive discussion of the relative importance of any discrimination claims that may involve either the BOP or the OPM. Since the plaintiff did not appropriately indicate a desire to have the case transferred to a district court, the only avenue indicated on the questionnaire for consideration of the discrimination claims against OPM, the Federal Circuit retained jurisdiction over the appeal and did not address the claims of discrimination. As already discussed, the Federal Circuit ultimately ruled in favor of OPM.

In the instant lawsuit, the plaintiff seeks to litigate all of the issues raised in the prior proceedings against OPM, as well as the alleged discrimination by OPM. In addition, as discussed earlier, the plaintiff seeks review of the EEOC decision in favor of BOP, and review of the MSPB decision in *Collier v. Department of Justice.*

■ The final decision by the Federal Circuit on the merits of the claim against OPM for failure to allow the plaintiff to withdraw his application for disability retirement carries preclusive effect in this court. The well settled principles of res judicata prevent relitigation of any or all issues which were raised or which could have been raised in the prior action. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980); *Cromwell v. County of Sac*, 94 U.S. 351, 352, 24 L.Ed. 195 (1877). Accordingly, the plaintiff is now barred from relitigating the question decided by the Federal Circuit. In addition, since the plaintiff opted not to request the Federal Circuit to transfer the case to a district court for consideration of the alleged discrimination claims, despite the plaintiff's demonstrated knowledge in the *Department of Justice* case of the availability and mechanics of that procedure, this court concludes that the plaintiff must be barred from now raising those claims as well.

■ At this juncture, the court notes that the discrimination claims against OPM, even if not barred by res judicata, would require dismissal for being untimely filed. Giving the plaintiff the benefit of the doubt, and assuming that he properly raised the discrimination claims against OPM before the MSPB, thereby exhausting his administrative remedies, the plaintiff failed to bring those claims before a district court for over two years after the final MSPB decision of 25 September 1985. No district court action regarding those claims was filed until the instant action, in December of 1987. Since judicial review of an adverse administrative decision, as required by 5 U.S.C. § 7703(b)(2), 29 U.S.C. § 794a(a) and 42 U.S.C. §§ 2000e–5(f) to 2000e–16(c), the court concludes that the discrimination claims against OPM were untimely filed.

All other claims, including those against the Department of Justice and BOP, seek reinstatement with back pay, pursuant to the MSPB reversal of the BOP decision to discharge the plaintiff. That relief, however, is unavailable if the plaintiff's status on disability retirement was binding and irrevocable as of the date of the final MSPB decision. Since the issue of revocability was decided on the merits by the Federal Circuit, and since that determination by the Federal Circuit was necessary and essential to the decision in the *OPM* case, and since the instant plaintiff was a party to the *OPM* case decided by the Federal Circuit, the principle of collateral estoppel, or issue preclusion, bars the plaintiff from relitigating that issue in this court. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980); *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). The requirement of mutuality in the application of collateral estoppel having been eliminated by the Supreme Court, *Blonder–Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971), the absence of any of the instant defendants from the *Collier v. Office of Personnel Management,* case before the Federal Circuit is irrelevant. The plaintiff, simply, is bound to his status on disability retirement and, consequently, regardless of the legal theory or defendant, cannot attain the relief sought in this lawsuit.

For the foregoing reasons, this court determines that there exists no genuine issue as to any material fact, and that the defendants are entitled to judgment as a matter of law. Accordingly, the defendants' motion for summary judgment is GRANTED. An appropriate judgment shall issue.