Jacqueline L. **BURRELL**

v.

**UNITED STATES POSTAL SERVICE**

No. Civ.A. 00–3273.

United States District Court,
E.D. Louisiana.

April 16, 2001.

Jacqueline L. Burrell, New Orleans, LA, pro se.

Sandra Ema Gutierrez, U.S. Attorney's Office, New Orleans, LA, for U.S. Postal Service.

## OPINION

BARBIER, District Judge.

Before the Court is a **Motion to Dismiss** (Rec.Doc. 11) filed by defendant, the United States Postal Service. Plaintiff, Ms. Jacqueline Burrell ("Plaintiff"), opposes the motion. The motion, set for hearing on March 14, 2001, is before the Court on briefs without oral argument.

Plaintiff filed this Title VII suit *pro se* seeking damages from her former employer, the United States Postal Service ("USPS"),[1] following her removal from USPS effective January 1996. She alleges that she was reassigned to a remote geo-

---

1. "USPS" collectively refers to all defendants in the suit.

graphic location and then subsequently removed from her position for discriminatory and retaliatory reasons. USPS has moved to dismiss the case. For the reasons that follow, the motion is GRANTED IN PART and DENIED IN PART.

**Factual and Procedural Background**

In 1992, USPS underwent a nation-wide restructuring which included a reduction in workforce. As a result, Plaintiff's EAS–11 supervisor job in New Orleans, Louisiana was eliminated, and she was reassigned to Innis, Louisiana, approximately 160 miles from her home. Plaintiff did not report to her new assignment and was subsequently removed for being absent without leave ("AWOL").

Plaintiff, represented by counsel, appealed her removal to the Merit Systems Protection Board ("the MSPB" or "the Board") arguing that her reassignment and subsequent removal violated merit principles, were the products of race, gender, and age discrimination, and done in retaliation for her having filed prior complaints of discrimination. USPS moved to dismiss the appeal arguing that Plaintiff's case was outside of the Board's jurisdiction. Without explanation, the Board's administrative law judge ("ALJ") overruled the objection and heard the appeal. After an evidentiary hearing, the ALJ issued an Initial Decision in which he concluded that

Plaintiff had failed to make a *prima facie* showing of discrimination. However, the ALJ found that removal was too harsh a penalty for Plaintiff's AWOL status. Accordingly, he vacated the removal and ordered USPS to reinstate Plaintiff with a demotion. The ALJ's Initial Decision did not address Plaintiff's allegations of retaliation.

Both sides appealed the ALJ's Initial Decision to the full Board. On appeal, USPS renewed its objection to the Board's jurisdiction over Plaintiff's appeal. The full Board concluded that Plaintiff had no standing to appeal her removal to the MSPB because she had been in the position from which she was removed, *i.e.*, the Innis position, for less than one year.[2] The Board recognized, however, that if Plaintiff's reassignment to Innis were illegitimate, *i.e.*, the product of either discrimination or retaliation, she would be considered as removed from her New Orleans position. And given that she had held that position for well over a year, she would then be entitled to appeal her removal to the MSPB. Thus, the issue of Board jurisdiction turned on whether Plaintiff had adduced facts sufficient to show that her reassignment was tainted by either discrimination or retaliation.

On that issue, the full Board affirmed the ALJ's determination that Plaintiff's

---

**2.** The Civil Service Reform Act sets forth procedural safeguards for *certain* federal employees who are affected by adverse personnel actions as a result of misconduct. *Witzkoske v. United States Postal Serv.*, 848 F.2d 70, 71 (5th Cir.1988). One such procedural safeguard is an appeal to the MSPB followed by judicial review in the Federal Circuit Court of Appeals. *See* 5 U.S.C. §§ 7512, 7703(b)(1); *Royals v. Tisch*, 864 F.2d 1565, 1567 (11th Cir.1989). For a postal employee to obtain an MSPB appeal and judicial review, she must be classified as either "preference eligible" under 5 U.S.C. § 7511(a)(1)(B) or a supervisor/manager under 39 U.S.C. § 1005(a).

*Toomey v. United States Postal Serv.*, 71 M.S.P.R. 10, 12 (1996). Both classifications require that the employee have 1 year of continuous service in "the same or similar positions." 5 U.S.C. § 7511(a)(B); 39 U.S.C. § 1005(a)(4)(A)(ii)(I). Aside from these provisions, and with the possible exception of a union grievance, a postal employee has no entitlement to review, whether administrative or judicial, of an adverse personnel action not otherwise prohibited by law. *Harper v. Frank*, 985 F.2d 285, 290 (6th Cir.1993) (citing *United States v. Fausto*, 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988)).

reassignment was not discriminatory. But because the ALJ's Initial Decision did not address Plaintiff's retaliation claims, the Board remanded the case to the ALJ for consideration of the retaliation issue. The ALJ was instructed to dismiss the appeal for lack of jurisdiction if he were to conclude that Plaintiff's reassignment was untainted by retaliation.

On remand, the ALJ found that Plaintiff had failed to demonstrate that retaliation played any part in USPS's decision to reassign her to Innis, Louisiana. Accordingly, having concluded that Plaintiff's reassignment was legitimate, the ALJ dismissed Plaintiff's appeal for lack of jurisdiction. The full Board upheld the dismissal.

Still represented by counsel, Plaintiff sought review in the Court of Appeals for the Federal Circuit. Applying the deferential standard of review dictated by 5 U.S.C. § 7703,[3] the appellate court affirmed the Board's finding that Plaintiff's reassignment was untainted by discrimination or retaliation. Accordingly, the Federal Circuit upheld the Board's determination that Plaintiff had no MSPB appeal rights giving the Board no jurisdiction over her case.

On November 9, 2000, Plaintiff filed the instant law suit *pro se* naming USPS as well as various supervisory personnel as defendants. Her original and amended complaints again allege that her reassignment was the product of discrimination and retaliation in violation of Title VII. In addition, she alleges that USPS violated her First Amendment rights and the Whistleblower Protection Act after she report-

ed, subsequent to her removal, violations of salary guidelines with respect to other postal employees.

## Motion to Dismiss

USPS argues that all of Plaintiff's Title VII claims pertaining to her reassignment and removal are barred by *res judicata* because Plaintiff's allegations of discrimination and retaliation are identical to those advanced and decided before the MSPB and the Federal Circuit. USPS also asserts that this Court has no subject matter jurisdiction over the Whistleblower Protection Act claims. Finally, USPS argues that as a federal agency, Plaintiff cannot maintain a claim against USPS for a First Amendment violation. Based upon these assertions, USPS argues that Plaintiff's complaint must be dismissed in its entirety. Plaintiff filed an opposition to USPS's motion to dismiss, however, she did not address the specific legal issues raised in the motion. Nevertheless, the Court will evaluate each of USPS's assertions in turn.

### 1. Title VII Claims and Res Judicata

USPS argues that Plaintiff's Title VII claims of discrimination and retaliation are barred by res judicata because Plaintiff raised these same claims before the MSPB and the Federal Circuit. In support of its position, USPS cites several Fifth Circuit cases which recognize that res judicata or claim preclusion bars a *subsequent* action when a *prior* action involving the same parties and the same cause of action reached a final judgment on the merits in a court of competent jurisdiction. *E.g., Agrilectric Power Partners, Ltd. v. General Elec. Co.*, 20 F.3d

---

**3.** The Federal Circuit must review the record and set aside any action, findings, or conclusions found to be—
   (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or
(3) unsupported by substantial evidence.
5 U.S.C. § 7703(c).

663, 664–65 (5th Cir.1994) (citing *Nilsen v. City of Moss Point,* 701 F.2d 556 (5th Cir.1983) (en banc); *Matter of Baudoin,* 981 F.2d 736 (5th Cir.1993)).

In the instant case, Plaintiff's Title VII claims unarguably involve the same parties and constitute the same cause of action as the claims brought before the MSPB and the Federal Circuit. However, although not evident from USPS's analysis, the res judicata inquiry in this case does not stop there. As noted above, the MSPB dismissed Plaintiff's appeal for lack of jurisdiction, and the Federal Circuit, applying a deferential standard of review, affirmed that dismissal. Thus, it is certainly questionable whether the decision of the MSPB, as affirmed by the Federal Circuit, can be considered a decision *on the merits* rendered by a court of *competent jurisdiction*—two additional requirements necessary to the res judicata bar.

Furthermore, as discussed in greater detail below, the statutory scheme that establishes the jurisdiction of the MSPB expressly includes trial *de novo* of Title VII claims in the district court because the Federal Circuit Court of Appeals has no subject matter jurisdiction over such claims. Although these issues form an indispensable part of the analysis necessary to a ruling on USPS's motion, USPS failed to address any of them or cite any authority relevant to the application of res judicata in the context of MSPB and Federal Circuit review. Nevertheless, the Court has given full consideration to USPS's res judicata argument, but concludes for the reasons that follow, that it is without merit.

## MSPB, Federal Circuit, and district court jurisdiction

Congress created the MSPB to oversee and protect the merit system and adjudicate conflicts between federal employees and their employers. *Sloan v. West,* 140 F.3d 1255, 1259 (9th Cir.1998). As explained in note 1, *supra,* some federal employees, including some postal service employees, are entitled to administratively appeal certain designated adverse employment decisions to the MSPB. *See* 5 U.S.C. § 7512. Although merit-principle non-discrimination claims are the primary focus of the MSPB's jurisdiction, Congress gave the MSPB *pendant* jurisdiction over discrimination claims when raised in conjunction with an "adverse action" otherwise within the Board's jurisdiction. *Sloan,* 140 F.3d at 1259; 5 U.S.C. § 7702(a)(1)(A)-(B). Accordingly, before considering the merits of the discrimination claim, the MSPB must determine, as a threshold matter, whether it has jurisdiction over the non-discrimination claim. An MSPB appeal that raises a discrimination claim in addition to the non-discrimination MSPB reviewable action is called a "mixed case appeal." [4] *Sloan,* 140 F.3d at 1259.

A final decision of the MSPB is a judicially reviewable action, 5 U.S.C. § 7703(b), however, choosing the appropriate court for review can be "a mine field for the unwary." *Afifi v. United States Dep't of the Interior,* 924 F.2d 61, 62 (4th Cir.1991). The appropriate court for review of an MSPB decision will depend on the type of appeal. Judicial review of an MSPB appeal raising *only* non-discrimination claims lies *exclusively* within the Federal Circuit with no right to review in the district court. *Id.* § 7703(b)(1). The un-

---

4. Because the MSPB has pendant jurisdiction over discrimination claims, employees entitled to an MSPB appeal may use that avenue, as opposed to the EEOC, to exhaust their administrative remedies before filing suit in district court. *Sloan,* 140 F.3d at 1259; *see* 5 U.S.C. § 7702(a)(3).

wary plaintiff who seeks review of a non-discrimination MSPB appeal in the district court will face dismissal as the district court has no subject matter jurisdiction to review such an appeal. *Blake v. Department of the Air Force,* 794 F.2d 170 (5th Cir.1986). Review of MSPB decisions in the Federal Circuit is done in accordance with the deferential standards set out in note 1, *supra. Sloan,* 140 F.3d at 1260 (citing 5 U.S.C. § 7703(c)).

■ In contrast, judicial review of an MSPB final decision in a mixed case appeal lies *exclusively* within the district court. 5 U.S.C. § 7703(b)(2); *see Powell v. Department of Defense,* 158 F.3d 597, 598 (D.C.Cir.1998). The non-discrimination claim is reviewed under the same deferential standard applicable to Federal Circuit review but plaintiff is entitled to trial *de novo* of the Title VII discrimination claim with appeal rights to the appropriate circuit court. 5 U.S.C. § 7703(c). Review of a mixed case appeal in the Federal Circuit constitutes a waiver of the discrimination claim because the Federal Circuit has no subject matter jurisdiction over Title VII claims. *Marshburn v. Runyon,* 1994 WL 114676 (D.D.C. Mar. 22, 1994), *aff'd,* 1994 WL 329321, 28 F.3d 1295 (D.D.C.Cir.1994). Bifurcation of claims is verboten, *Long v. Frank,* 808 F.Supp. 961, 966 (Dec. 23, 1992), *modified on other grounds,* 813 F.Supp. 969 (E.D.N.Y. Feb.19, 1993) (citing *Williams v. Department of Army,* 715 F.2d 1485, 1491 (Fed. Cir.1983) (en banc)); *see Gomez v. Depart-*

*ment of the Air Force,* 869 F.2d 852, 860 (5th Cir.1989), therefore, the unsavvy plaintiff who waives her discrimination claims to seek review in the Federal Circuit is barred from subsequently raising those claims in the district court. *Marshburn,* 1994 WL 114676, at *2, n. 5; *Scalese v. Babbitt,* 1999 WL 962467 (9th Cir.1999) (designated unpublished).

■ Nevertheless, a "hybrid" situation arises when the MSPB dismisses a mixed case appeal, not on the merits, but rather due to lack of Board jurisdiction. Under such circumstances, plaintiff must seek review in the Federal Circuit because that court has exclusive jurisdiction over matters involving the scope of the MSPB's jurisdiction.[5] *Sloan,* 140 F.3d at 1261; *see Blake,* 794 F.2d at 172–73. Even when the jurisdictional issue is closely related to or factually intertwined with the discrimination claim, plaintiff must nevertheless seek review in the Federal Circuit. *See Powell,* 158 F.3d at 599. An attempt to bypass the Federal Circuit by filing in the district court is sure to result in dismissal. *See id.*

## Analysis

With the jurisdictional delineations of the various courts in mind, the Court turns it attention back to the case at hand. Plaintiff's case, as it went to the MSPB, was a "mixed case" appeal because she raised Title VII discrimination claims as well as merit principle non-discrimination claims. However, because the MSPB

---

5. The statutory scheme addressing the scope of Federal Circuit review does not expressly state that a mixed case appeal dismissed for lack of jurisdiction must go to the Federal Circuit. Rather, the Federal Circuit has concluded that section 7703(b)(2), which gives the district courts jurisdiction over mixed cases, does not defeat its jurisdiction under section 7703(b)(1), so that such a matter lies within its exclusive jurisdiction. *Ballentine v. Merit Systems Protection Board,* 738 F.2d 1244, 1247 (Fed.Cir.1984). Although most appellate courts defer to the Federal Circuit's claim of exclusive jurisdiction in such cases, at least one court has expressed its belief that plaintiff can proceed directly to the district court pursuant to the express terms of section 7703(b)(2). *See Downey v. Runyon,* 160 F.3d 139, 146 (2d Cir.1998) (expressing disagreement with *Ballentine* ). This seems to be the minority view, however.

found that Plaintiff had no standing to appeal the non-discrimination claim, the Board dismissed her entire appeal for lack of jurisdiction. Thus, Plaintiff found herself in the "hybrid" situation which forced her to proceed to the Federal Circuit rather than this Court even though the jurisdictional issue was closely intertwined with the merits of her discrimination claim, i.e., the jurisdictional issue turned on whether Plaintiff's reassignment had been legitimate versus discriminatory. Based upon the statutory scheme discussed above, there is no question that if the Federal Circuit had reversed and ordered the MSPB to hear Plaintiff's appeal, she would have been entitled to pursue her Title VII claims in this Court after an adverse finding on the merits by the MSPB without any res judicata or collateral estoppel effects.[6] *See* 5 U.S.C. § 7703(b)(2), (c) ("[T]he employee ... shall have the right to have the facts subject to *trial* de novo by the reviewing court.") (emphasis added). The same would have been true if the MSPB had reached the merits of her claim the first time rather than dismissing her appeal. 5 U.S.C. § 7703(b)-(c); *Long,* 808 F.Supp. at 964 (administrative proceedings do not enjoy preclusive effect with respect to Title VII claims). The question then is whether, in the hybrid situation, review of the jurisdictional issue in the Federal Circuit bars the trial de novo of Title VII claims in the district court to which Plaintiff would have otherwise been entitled.

Following thorough research the Court could find no case where proceedings before the MSPB or review of MSPB jurisdictional issues in the Federal Circuit were held to bar or collaterally estop Title VII claims.[7] To the contrary, in *Sloan v. West,* 140 F.3d 1255, 1259 n. 20 (9th Cir. 1998), the Ninth Circuit, albeit in dicta, expressed serious doubt that res judicata or collateral estoppel would apply to Title VII claims brought in the district court following a jurisdictional determination by the Federal Circuit. In *Sloan,* the MSPB had dismissed plaintiff's appeal for lack of jurisdiction. Rather than proceed to the Federal Circuit, plaintiff brought suit in district court arguing that the jurisdictional issue was so intertwined with his discrimination claim that he should be allowed to bypass the Federal Circuit. The Ninth Circuit held that all issues of MSPB jurisdiction must go to the Federal Circuit even where the jurisdictional issue touches on the merits of the discrimination claim. *Id.* at 1262.

Because resolution of Sloan's jurisdictional issue would require a partial determination on the merits of his discrimination claims, the court likely anticipated that defendant would attempt to argue, if and when the Title VII claims returned to the district court, that the Federal Circuit's review would collaterally estop Sloan from re-litigating those issues. In a

---

**6.** Collateral estoppel or issue preclusion is a preclusion concept encompassed within the doctrine of res judicata. *United States of America v. Shanbaum,* 10 F.3d 305, 310 (citing *Migra v. Warren City School Dist.,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984)). Issue preclusion treats specific issues of fact or law that are validly and necessarily determined between two parties as final and conclusive. *Id.* at 311. Issue preclusion prohibits a party from seeking another determination of the litigated issue in the subsequent action. *Id.*

**7.** That is not to say, however, that an unsavvy Title VII plaintiff can never be adversely affected by res judicata after proceedings before the MSPB and Federal Circuit. *See, e.g., Marshburn v. Runyon,* 1994 WL 114676 (D.D.C. Mar.22, 1994) (Title VII claims are barred by res judicata where Plaintiff waives them to have the Federal Circuit review the non-discrimination claim).

somewhat preemptive move, the court expressed doubts as to the propriety of applying collateral estoppel in such a situation and even went on to hold that any applicable EEO complaint deadlines would be tolled while plaintiff awaited a final decision from the Federal Circuit. *Id.* at 1263.[8] *Id.* at 1262–63. The court noted that to hold otherwise would preclude Title VII discrimination claims in mixed cases where the MSPB dismisses for lack of jurisdiction and give plaintiff a Hobson's litigation choice upon completion of the MSPB remedy. *See id.* at 1262. Other courts considering similar issues have reached the same result. *See, e.g., Long,* 808 F.Supp. at 966 (review of related issues in Federal Circuit is not res judicata to Title VII claims despite fact that in both actions the underlying transactions were identical); *Miller v. Department of the Air Force,* 654 F.Supp. 186, 187 (D.Mass. Dec.6, 1985) (review of related issues in Federal Circuit is not res judicata to Title VII claims because Federal Circuit has no subject matter jurisdiction over Title VII claims and plaintiffs are entitled to trial de novo in the district court). And the Fifth Circuit has previously cautioned about applying res judicata so as to contravene congressional policy that Title VII claimants be allowed to pursue remedies in federal district courts. *See Garner v. Giarrusso,* 571 F.2d 1330, 1336–37 (5th Cir.1978).

Considering the foregoing, the Court concludes that res judicata does not apply

to Title VII claims where the Federal Circuit reviews an MSPB decision to dismiss an appeal for lack of jurisdiction.[9] The Federal Circuit has no subject matter jurisdiction over Title VII claims and by statute is bound to a deferential standard of review when reviewing decisions of the MSPB. In the district court, however, Plaintiff would be entitled to trial *de novo* of her Title VII claims. A *trial de novo* in district court and deferential *review* of the record in the Federal Circuit are not interchangeable and section 7703(b) (exempting Title VII claims from Federal Circuit review) evidences Congress's understanding of that fact. Finally, while the jurisprudentially-created rules that preclude bifurcation of claims and force hybrid cases to the Federal Circuit are likely sound, they should not apply so rigidly as to deprive a plaintiff of one aspect of judicial review that Congress *expressly* preserved: a chance to pursue a trial *de novo* of Title VII claims in the district court.

In sum, the Court concludes that as a matter of law, the prior proceedings before the MSPB and Federal Circuit do not, based upon principles of res judicata or collateral estoppel, bar the Title VII's claims in the instant suit. Accordingly, USPS's motion to dismiss on this ground must be DENIED.[10]

## 2. Whistleblower Protection Act Claims

■ USPS moves to dismiss Plaintiff claims brought pursuant to the Whistle-

---

**8.** The Ninth Circuit recognized that if the Federal Circuit found that the MSPB had no jurisdiction, plaintiff would then have to begin with the EEO complaint process in order to exhaust his administrative remedies prior to bringing the Title VII claims to district court. *Sloan,* 140 F.3d at 1262.

**9.** On the other hand, res judicata will apply to the issue of MSPB jurisdiction because the Federal Circuit, and not this Court, was the appropriate court to review such an issue.

**10.** In reaching this conclusion, the Court has considered only the narrow legal issue presented and makes no finding whatsoever as to the merit of Plaintiff's claims, the timeliness of Plaintiff's claims, whether Plaintiff has properly exhausted her administrative remedies, and whether any tolling of EEO deadlines would apply.

blower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8).[11] Section 2302 makes it a prohibited personnel practice for a government agency to take adverse personnel action against any employee because of disclosure of information which the employee believes evidences a violation of law or gross mismanagement of funds. *Id.* However, an employee aggrieved by a violation of the WPA must seek administrative remedies as opposed to filing suit in district court. *Hooks v. Army & Air Force Exch. Serv.,* 944 F.Supp. 503, 506 (N.D.Tex. Aug.14, 1996). The Act confers no subject matter jurisdiction on a federal district court to entertain such a claim. *Ugarte v. Johnson,* 40 F.Supp.2d 178, 181–82 (S.D.N.Y. Mar.19, 1999). Accordingly, USPS's motion to dismiss Plaintiff's WPA claims is GRANTED.

### 3. First Amendment Claims

 USPS moves to dismiss Plaintiff's First Amendment claims arguing that such an action cannot be maintained against a federal agency. Plaintiff's claims against USPS for First Amendment violations are covered by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *Bivens* and its progeny hold that a plaintiff can seek redress against federal actors for civil rights violations. However, such an action cannot be maintained against a federal agency such as USPS. *FDIC v. Meyer,* 510 U.S. 471, 485, 114 S.Ct. 996, 1005, 127 L.Ed.2d 308 (1994). Furthermore, a federal employee has no cause of action against coworkers or supervisors for alleged First Amendment violations. *See Gremillion v. Chivatero,* 749 F.2d 276, 277–78 (5th Cir.

1985) (citing *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983)); *see Williams v. Casey,* 657 F.Supp. 921, 926 (S.D.N.Y.1987). Accordingly, USPS's motion to dismiss Plaintiff's First Amendment claims is GRANTED. Accordingly;

**IT IS ORDERED** that USPS's motion to dismiss should be and is hereby **GRANTED IN PART AND DENIED IN PART.** The motion to dismiss Plaintiff's Title VII claims is **DENIED.** The motion to dismiss Plaintiff's First Amendment claims and claims pursuant to the Whistleblower Protection Act is **GRANTED** and those claims are **DISMISSED.**

---

**11.** Although it is unclear from Plaintiff's complaint, it appears that the WPA claims pertain to incidents that took place in 1999, well after her removal from USPS. Those incidents pertain to Plaintiff having reported violations of salary guidelines with respect to current postal employees. It is unclear how her removal from her former position, effective in November 1998, could have been in retaliation for these post-removal complaints.