NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

03-3154

WAYNE L. LOUIE,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

_____

DECIDED: December 23, 2004

_____

Before MICHEL, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

Wayne L. Louie ("Louie") appeals from the Merit Systems Protection Board's ("Board") decision affirming the Department of the Treasury's ruling demoting him for unsatisfactory performance from Revenue Agent, GS-13, step 7, to Revenue Agent, GS-12, step 10. Louie v. Dep't of the Treasury, SF-0432-00-0517-I-6 (M.S.P.B. Oct. 18, 2002 final decision). We affirm.

BACKGROUND

The Department of the Treasury's Internal Revenue Service ("Agency") has employed Louie since 1978. Before his demotion in 2000, Louie served as a Revenue Agent GS-13, step 7. On June 4, 1998, Louie received an "Opportunity to Improve" ("OTI") letter from his supervisor, Linda Flemins. In the OTI letter, Flemins advised Louie that his performance in four critical elements of his position was unsatisfactory. The OTI letter indicated that Louie had 120 days to demonstrate acceptable performance. Also included were 23 recommendations, provided to assist Louie in achieving satisfactory performance. The OTI letter further indicated that failure to achieve at least minimally successful performance would result in either a reassignment to another position or a proposal to remove him from the service.

On March 29, 1999, Louie received a Notice of Proposed Removal informing him that he had failed to achieve the minimal level of performance required for retention in his position. Specifically, Louie was advised that his performance in three critical elements was regarded as unsatisfactory: (1) Examination Techniques; (2) Tax Law Interpretation and Application; and (3) Correlation of Accounting Entries and Systems. Louie provided a two-day oral reply to the notice and on June 2, 2000, after considering his reply and all other information of record, the Agency issued a decision finding Louie's performance in the three critical elements to be unsatisfactory. Instead of the proposed removal, the Agency decided to reduce Louie's grade and pay. Effective June 4, 2000, the Agency demoted Louie from Revenue Agent, GS-13, step 7, to Revenue Agent, GS-12, step 10.

Louie appealed this action to the Board. The Board affirmed the Agency's removal action in its initial decision and that ruling became final on October 18, 2002. Louie timely appealed to this court and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must affirm the Board unless we determine that its decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. See 5 U.S.C. § 7703(c) (2000).

Under Title 5 an agency may remove an employee for "unacceptable performance," which 5 U.S.C. § 4301(3) defines as performance that "fails to meet established performance standards in one or more critical elements of such employee's position." Lisiecki v. Merit Sys. Prot. Bd., 769 F.2d 1558, 1560 (Fed. Cir. 1985). Before initiating an action under 5 U.S.C. § 4303, an agency must provide the employee with a reasonable opportunity to demonstrate acceptable performance. Martin v. Fed. Aviation Admin., 795 F.2d 995, 997 (Fed. Cir. 1986). If, after a reasonable opportunity, performance is found unacceptable with respect to even a single "critical element," an agency may reduce in grade or remove an employee. Id.

The Board affirmed the Agency's decision based on Louie's failure to satisfy one critical element: Examination Techniques. Here, Louie argues that the Board relied on erroneous findings of fact, committed procedural errors, was infected by bias, and failed to consider the Agency's reprisal against him for reporting a conflict of interest regarding his supervisor.

03-3154                                    3

Louie argues that the Board made erroneous findings by placing too much emphasis on the testimony of the Agency officials, including the testimony of Louie's supervisor, and placing almost no emphasis on petitioner's witnesses. As in all appeals from the Board, we cannot see the witnesses when they testify. Since we only have the "cold record" before us and cannot observe the demeanor of witnesses, we rely on the AJ's demeanor-based credibility findings. Haebe v. Dep't of Justice, 288 F.3d 1288, 1299 (Fed. Cir. 2002). For these reasons, we have noted on several occasions that the evaluation of witness credibility is "virtually unreviewable" on appeal. E.g., King v. Dep't of Health and Human Servs., 133 F.3d 1450 (Fed. Cir. 1998) (internal quotation omitted). Here, because Louie has not shown that the Board's findings were "inherently improbable," "discredited by undisputed fact," or otherwise improper, we decline to overturn the Board's credibility findings. See Pope v. United States Postal Serv., 114 F.3d 1144, 1149.

Louie further argues that the Board made procedural errors by denying him the right to present evidence favorable to his position including witness testimony or permit him to cross-examine his supervisors. Procedural matters regarding discovery and evidentiary issues fall within the sound discretion of the Board, which we review under an abuse of discretion standard. See Curtin v. Office of Pers. Mgmt., 846 F.2d 1373, 1378 (Fed. Cir. 1988). If an abuse of discretion did occur, in order to prevail Louie must also prove that he was prejudiced by the error such that it could have affected the outcome of his case. Cornelius v. Nutt, 472 U.S. 648, 657-59 (1985). Louie, however, has not pointed to any evidence not considered by the Board that could have affected the outcome of his case. He does not explain how additional testimony from other

Agency employees could have affected the outcome in this action, or how the Board abused its discretion in limiting that testimony. Therefore, we cannot find that the AJ abused his discretion in these procedural and evidentiary determinations.

The record shows that Louie's supervisor provided him with 23 recommendations to improve his performance. Louie alleges that the Agency failed to follow up on these 23 recommendations made in its OTI letter. The record shows, however, that Louie's supervisor continued to monitor his work and provided written and oral feedback after Louie received the OTI letter. This amounts to substantial evidence supporting the Board's findings.

Louie further argues that the Board misapplied the law because the Agency failed to provide specific information concerning any deficiencies and methods of improvement. Here, we cannot agree with Louie. The Agency's OTI letter to Louie included a detailed account of his inability to perform at his job including, but not limited to: (1) the inordinate amount of time Louie was spending on his audits, compared to the work he was generating; (2) his failure to complete three of four "Cost of Goods Sold Information Document Request" forms; and (3) his failure to provide his supervisor with a comparative "M-1" and "M-2" analysis. For critical element 1, Examination Techniques, twelve examples were provided to Louie where he failed to meet acceptable performance standards. The performance standards in view of the entire record were not impermissibly vague and we will not overturn the Board's decision.

Louie also claims that the AJ was biased against him. According to Louie, "[t]he judge was much more willing to accept the opinions of the Agency supervisor than were the Agency officials themselves." As we have observed:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

Liteky v. United States, 510 U.S. 540, 555 (1994). Even accepting Louie's allegations as true, the Board's adverse rulings are not evidence of "a deep-seated favoritism or antagonism that would make fair judgment impossible" and fail to prove bias. Id. at 555; Bieber v. Dep't of the Army, 287 F.3d 1358, 1363 (Fed. Cir. 2002). Therefore, Louie has not established that the AJ was biased against him.

Louie contends the Board failed to treat his demotion as retaliation for his reporting a potential conflict of interest involving his supervisor. Even scouring the record, we find no mention, and Louie identifies nothing, indicating he made this argument below. Further, Louie presents this argument to this court for the first time in his reply brief. For these two reasons, Louie waived this argument and, therefore, we do not reach the merits of his contention.

Because we find that the Board's decision is supported by substantial evidence and the Board did not abuse its discretion, we affirm the Board's decision.