NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

2006-3320, -3396

WAYNE L. LOUIE,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Wayne L. Louie, of South Pasadena, California, pro se.

Dawn S. Conrad, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Todd M. Hughes, Assistant Director. Of counsel was Quan K. Luong, Senior Attorney, Office of Chief Counsel, Internal Revenue Service, of Washington, DC.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3320, -3396

WAYNE L. LOUIE,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

_____

DECIDED: January 9, 2007

_____

Before LINN, DYK, and MOORE, Circuit Judges.

PER CURIAM.

Petitioner Wayne L. Louie appeals two final decisions of the Merit Systems Protection Board ("Board") dismissing his two individual right of action ("IRA") appeals as barred under 5 U.S.C. § 7121(g), res judicata, laches, collateral estoppel, and for lack of jurisdiction. This court granted Louie's motion to consolidate his appeals on September 21, 2006. Because the Board's decisions are not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law and are supported by substantial evidence, we affirm.

BACKGROUND

Wayne L. Louie is a GS-512-12 Revenue Agent with the Internal Revenue Service's ("IRS") Glendale, California post of duty. In 2005, after his previous appeal to this court, Louie filed two complaints (OSC File Nos. MA 05-2378 and MA 05-2644) with

the United States Office of Special Counsel ("OSC") concerning alleged "personnel actions" that he asserted were taken in reprisal for protected activities under the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8). Louie alleged several personnel actions in his complaints, including a June 2000 demotion to a GS-12 Revenue Agent, a May 1999 reassignment to a different supervisor, a June 2000 reassignment to a different organization, disapproval of travel vouchers from 2000-2005, the removal of two cases from his workload in 1997 and 1998, a 1996 non-selection decision under vacancy announcement No. LA-96-170, a September 1996 lowered performance rating, and dissemination of his work appraisal to co-workers in November of 1996.

These complaints were rejected by OSC and Louie filed two separate IRA appeals with the Board, which were consolidated into one IRA appeal under MSPB Docket No. SF1221060134-W-1. The IRS filed a motion to dismiss the consolidated appeal, asserting that many of the alleged personnel actions were barred by 5 U.S.C. § 7121(g) or res judicata. Louie responded, admitting that some of the actions had been pursued previously and also raised additional alleged personnel actions. The administrative judge ("AJ"), after issuing two orders to show cause, dismissed several of Louie's claims as barred and denied his request to add new claims not raised before the OSC in the two complaints that had been appealed. Finding that Louie failed to demonstrate jurisdiction over any of the asserted claims, the AJ issued an Initial Decision dismissing the entire appeal for lack of jurisdiction. Louie v. Dep't of the Treasury, No. SF1221060134-W-1 (M.S.P.B. Mar. 2, 2006).

Louie filed a petition for review with the Board, and the Board denied the petition. Thus, the AJ's Initial Decision became the final decision of the Board. Louie v. Dep't of the Treasury, No. SF1221060134-W-1 (M.S.P.B. May 23, 2006). Louie appeals from this decision.

Louie filed two more complaints with OSC (OSC File Nos. MA 06-0952 and MA 06-1126), which raised a whistleblowing reprisal claim relating to his 1997 non-selection under vacancy announcement No. LA 97-106 and provided in the complaint a list of alleged personnel actions for his whistleblowing that included allegations of personnel actions that had been raised in his prior IRA appeal. He also alleged threats by his supervisor and an admonishment letter that were covered personnel actions. Additionally, Louie asserted that his 2005-2006 whistleblowing disclosures resulted in a requirement by the IRS that he observe check in/check out procedures with regard to his usage of official union time and was threatened with absence without leave ("AWOL"). OSC rejected both complaints and Louie appealed to the Board. The appeal was docketed as MSPB Docket No. SF1221060546-W-1.

The IRS filed a motion to dismiss this second appeal, asserting that Louie's unreasonable and unexplained delay in filing his appeal over the 1997 non-selection effectively prevented the IRS from mounting a defense and materially prejudiced the IRS. The agency asserted that he should be equitably barred from now asserting this claim under the doctrine of laches. The IRS also alleged in its dismissal motion that many of his other appealed claims had been previously raised and considered by the AJ or in other venues and thus were also barred. The agency alleged that he failed to make non-frivolous allegations to establish Board jurisdiction over the remaining claims.

Louie responded, asserting that he has previously adequately pled disclosures in response to the order to show cause and asked for an "expeditious" decision. The AJ held that Louie was collaterally estopped from raising claims that had already been considered in the prior appeal and that the IRS had shown that the allegation regarding the 1997 non-selection was barred under the doctrine of laches. The AJ also dismissed claims relating to alleged threats by his supervisor in 1998 and an admonishment letter; both had already been raised in a grievance. Additionally, the AJ determined that Louie failed to make non-frivolous allegations of covered personnel actions to establish Board jurisdiction over the claim relating to the requirement that he observe check in/check out procedures. Finally, the AJ dismissed without prejudice all of Louie's remaining claims with leave to refile an amended appeal, noting that the claims suffered from apparent deficiencies, but allowing Louie the opportunity to cure these defects and refile. Louie v. Dep't of the Treasury, No SF1221060546-W-1 (M.S.P.B. July 17, 2006). Louie did not file an amended appeal, nor did he file a petition for review with the full Board. Thus, the AJ's decision became the final decision of the Board and Louie appeals from this decision.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must affirm a Board decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. See 5 U.S.C. § 7703(a). The court reviews the question of whether the Board possessed jurisdiction over Louie's appeal de novo. See Vesser v.

<u>Office of Personnel Mgmt.</u>, 29 F.3d 600, 602 (Fed. Cir. 1994). Louie must make a non-frivolous allegation of Board jurisdiction to receive a hearing before the Board. <u>See</u> <u>Garcia v. Dep't of Homeland Sec.</u>, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc).

Louie failed to make non-frivolous allegations that establish Board jurisdiction over several appealed claims. With respect to Louie's demotion, non-selection under vacancy announcement No. LA-96-170, his lowered performance rating, the dissemination of his appraisal, the alleged 1998 threats by his supervisor, and a 1998 admonishment letter, he is barred by § 7121(g) from requesting corrective action with OSC and filing an IRA at the Board.[1] Under § 7121(g)(2), an employee that is covered by a collective bargaining agreement ("CBA") and who believes he has suffered reprisal for whistleblowing disclosures may elect only one of three remedies: an appeal to the Board under 5 U.S.C. § 7701; a grievance filed pursuant to the negotiated grievance procedure; or a request for corrective action with OSC, followed by an IRA appeal to the Board if OSC denies corrective action. <u>Holderfield v. Merit Sys. Prot. Bd.</u>, 326 F.3d 1207, 1210 (Fed. Cir. 2003). It is undisputed that Louie is an employee covered by a collective bargaining agreement which includes a negotiated grievance procedure and that he already filed an appeal of his demotion directly to the Board in 2000. Since Louie already elected to pursue his personnel action claims regarding the demotion with an appeal to the Board under § 7701, he is barred from bringing those claims again under § 7121(g)(4). Likewise, earlier grievance filings regarding his non-selection under vacancy announcement No. LA-96-170, the lowered performance rating, the

---

[1] In his second appeal to the Board, Louie seems to have renewed his allegations that were before the AJ and were disposed of in his previous appeal No. SF1221060134-W-1. These claims cannot be relitigated under the doctrine of collateral estoppel, as the AJ concluded.

dissemination of his appraisal, the alleged 1998 threats by his supervisor, and an admonishment letter act as a bar to a subsequent IRA appeal of these same claims. In addition, Louie's challenge to his demotion is barred by res judicata since the issue was resolved in Louie's previous appeal to this court. See Louie v. Dep't of the Treasury, 122 Fed. Appx. 449 (Fed. Cir. 2004).

Also, the AJ's determination that the doctrine of laches bars his whistleblower reprisal claim relating to his non-selection for vacancy announcement No. LA-97-106 is not arbitrary or capricious. The AJ weighed Louie's assertion that he still had a copy of his application package and that relevant witnesses are available against the IRS's evidence that relevant documentation had been destroyed in the intervening years, that it would be prejudiced in its efforts to defend against the claim given the lack of documents reflecting its decision-making process, and the absence of a satisfactory explanation for Louie's delay in bringing this claim.[2] After an appellant shows that a disclosure occurred and that it was a protected disclosure under the WPA, the burden shifts to the agency to show by clear and convincing evidence that the appellant would not have been selected under vacancy announcement No. LA-97-106, even if the protected disclosure had not occurred. See Spencer v. Dep't of the Navy, 327 F.3d 1354, 1356 (Fed. Cir. 2003); 5 U.S.C. §§ 1221(e), 2302(b)(8). Without the other applications that were submitted for this vacancy announcement or records reflecting how the applicants were rated and ranked, the agency is effectively unable to defend itself. The AJ's determination that this claim is barred under the doctrine of laches is not arbitrary or capricious and is supported by substantial evidence.

---

[2] Louie waited approximately eight and a half years to bring this claim before OSC. Resp. App. 6.

We also find that Louie failed to establish IRA jurisdiction over his claims involving the failure to approve his travel vouchers, his supervisory and organizational reassignments, and the removal of cases from his workload. In order to establish IRA jurisdiction, Louie must exhaust his remedies before OSC and he must also make non-frivolous allegations that he engaged in whistleblowing activity by making a protected disclosure, and the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. See Yunus v. Dep't of Veteran's Affairs, 242 F.3d 1367, 1371 (Fed. Cir. 2001). We have considered Louie's allegations and also considered evidence that indicated some of Louie's vouchers were denied because they covered non-official travel related to his union duties, which was not reimbursable. Louie fails to make non-frivolous allegations that any protected disclosure was a contributing factor in the decision to not approve his vouchers. With respect to Louie's 1999 and 2000 reassignment allegations, he has not alleged any facts that would show that his involuntary reassignments by manager Pam Christensen were in retaliation for his disclosure to union representatives' alleged conflict of interest on the part of his supervisor some four to six years earlier. Additionally, the AJ determined that Louie failed to allege facts which, if proven, would show that changes in his case assignments constituted personnel actions for WPA purposes because they involved a "significant change in duties," 5 U.S.C. § 2302(a)(2)(A)(xi). We find that Louie has not met his burden of establishing the Board's jurisdiction over these claims.

Louie also asserts that in his second appeal to the Board the AJ failed to properly consider the imposition of check in/check out procedures and threats of AWOL as personnel actions. But Louie has not alleged specific facts on appeal that constitute

non-frivolous allegations sufficient to vest the Board with jurisdiction over these claims. We find that the Board lacks jurisdiction over these claims.

To the extent that Louie is attempting to assert additional causes of action in his appeal to this court that were not before the Board, we cannot address them in the first instance on appeal.

For the foregoing reasons, we affirm both Board judgments.

No costs.