# United States Court of Appeals
# for the Federal Circuit

---

**MARIE C. CONFORTO,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3119

---

Petition for Review of the Merit Systems Protection Board in No. SF0752120154-I-1.

---

Decided: April 18, 2013

---

SCOTT L. ZIELINSKi, Grady and Associates, of San Diego, California, argued for petitioner.

KATHERINE M. SMITH, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, argued for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before DYK, BRYSON, and MOORE, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* BRYSON.
Dissenting opinion filed by *Circuit Judge* DYK.

BRYSON, *Circuit Judge.*

Marie C. Conforto seeks review of the Merit Systems Protection Board's dismissal of her appeal for lack of jurisdiction. Although she sought review in this court, Ms. Conforto now challenges this court's jurisdiction to hear her appeal in light of the Supreme Court's recent decision in *Kloeckner v. Solis,* 133 S. Ct. 596 (2012). For the reasons explained below, we conclude that we have jurisdiction over this appeal, and we affirm the Board's decision.

I

Ms. Conforto worked for the Department of the Navy until she retired on December 31, 2010. At the time of her retirement, she had worked in the Department for 39 years and held the position of Supervisory Contract Specialist in the Material Management Department.

Ms. Conforto alleges that she was forced to retire at the end of 2010 because of a series of events that occurred at her workplace during the previous year. She contends that those events were motivated by age and sex discrimination, as well as retaliation for her prior equal employment opportunity ("EEO") activity. The particular incidents about which she complained are the following: in December 2009, her parking space was taken away; in March 2010, one of her subordinates was promoted to a vacated position instead of her; in April 2010, she was denied permission to attend a training session; and in July 2010, she felt pressured into canceling a training session that she had planned to attend. In September 2010, following those events, Ms. Conforto advised her agency's human resources office that she wished to retire as of December 31 of that year.

In the months after Ms. Conforto submitted her retirement papers but before her retirement became effective, several more events occurred that she alleges were the products of discrimination or retaliation. In October 2010, her supervisor criticized her work progress by e-mail and then issued her a formal letter of reprimand. In November 2010, Ms. Conforto alleges, her supervisor denied her request for sick leave, and in December he issued her a notice proposing to suspend her for seven days. Finally, she complains that after her retirement the agency issued her a letter charging her with improperly copying materials from her work computer, gave her a negative interim appraisal for the year 2010, and did not give her a bonus or raise for that year.

As these events unfolded, Ms. Conforto filed an EEO complaint with her agency in June 2010, alleging discrimination based on age and sex as well as reprisal for prior EEO activity. She later amended her EEO complaint to allege that she had been forced to retire because of harassment. In October 2011, the agency issued its decision on Ms. Conforto's EEO complaint. Following a detailed factual analysis of her claims, the agency concluded that Ms. Conforto had not been subjected to discrimination or retaliation and that she had retired voluntarily, not because of discriminatory or retaliatory conduct by agency personnel.

Ms. Conforto appealed the agency's decision to the Board in December 2011. The administrative judge who was assigned to her case issued an order advising her that the Board might not have jurisdiction over her appeal because retirement is presumed to be a voluntary act. Under this court's en banc decisions in *Cruz v. Department of the Navy*, 934 F.2d 1240, 1248 (Fed. Cir. 1991), and *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1328 (Fed. Cir. 2006), the Board lacks jurisdiction over an employee's voluntary decision to resign or retire. In response to the administrative judge's order, Ms.

Conforto replied that the Board had jurisdiction over her appeal because her retirement was the product of coercion by the agency. As such, she contended, her involuntary retirement constituted a constructive removal and thus fell within the Board's jurisdiction. *See* 5 U.S.C. §§ 7512(1); 7513(a), (d); 7701(a); *Garcia*, 437 F.3d at 1328–30.

The administrative judge dismissed Ms. Conforto's appeal for lack of jurisdiction. According to the administrative judge, Ms. Conforto had failed to make a nonfrivolous allegation that her retirement was involuntary, and thus she was not entitled to a hearing on the issue of jurisdiction. Analyzing Ms. Conforto's allegations, the administrative judge found that even the most serious actions of which she complained—the letter of reprimand and the proposed seven-day suspension—could not support a claim of coerced retirement because they did not leave her without any reasonable alternative but to retire. In addition, the administrative judge noted that Ms. Conforto had not alleged any facts suggesting that the agency knew it could not justify those actions.

The administrative judge pointed out that the agency had provided a detailed analysis of Ms. Conforto's allegations and had concluded that there was a legitimate basis for each of the actions of which she complained. According to the administrative judge, Ms. Conforto had "not made any specific factual allegations to call these conclusions into question." Moreover, the administrative judge noted that the most serious actions—the letter of reprimand and the proposed suspension—occurred after September 2010, when Ms. Conforto advised the agency that she would retire as of the end of the year. The timing of those incidents, according to the administrative judge, "undercut[] any assertion that her retirement was prompted by" those events. In sum, the administrative judge concluded that while Ms. Conforto alleged that she felt subjectively that she had no choice but to retire, "the

circumstances she alleges would not make a reasonable person believe that she had no realistic alternative but to resign or retire." The administrative judge ruled that Ms. Conforto had failed to make a non-frivolous showing that the agency had coerced her into retiring and thus that she had failed to satisfy her burden of showing that her retirement was involuntary.

After the administrative judge's initial decision became final, Ms. Conforto appealed to this court.

## II

The first issue we must address is whether this court has jurisdiction to review the Board's ruling under the Civil Service Reform Act of 1978, 5 U.S.C. § 1101 *et seq.* Resolving that question requires a brief discussion of the options open to a federal employee complaining of discrimination in the workplace. First, the employee may file an EEO complaint with the employing agency; if the employee does so, the agency is obligated to investigate and take final action on the complaint. 29 C.F.R. §§ 1614.101–110. If dissatisfied with the agency's resolution of the complaint, the employee may bring an action in a United States district court. *Id.* § 1614.407. In the case of discrimination based on race or sex, that action would be brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(c). In the case of age discrimination, that action would be brought under the Age Discrimination in Employment Act, 29 U.S.C. § 626(c). Alternatively, the employee may appeal the agency's decision to the Equal Employment Opportunity Commission ("EEOC"), and then to a district court. 29 C.F.R. §§ 1614.401–405. In certain cases, the employee has a third option—to file an appeal from the employing agency's final action to the Merit Systems Protection Board. *Id.* § 1614.302.

An appeal to the Merit Systems Protection Board is available only in cases in which the adverse action in question falls within the Board's jurisdiction, such as in

the case of removal or suspension for more than 14 days. 5 U.S.C. § 7512; *see id.* §§ 7513(a), (d), 7701(a). If the Board has jurisdiction to review an agency action against an employee, Congress has also authorized it to adjudicate the employee's claims of discrimination that would otherwise fall outside the Board's jurisdiction. *Id.* § 7702(a)(1); 29 C.F.R. § 1614.302; *see Garcia*, 437 F.3d at 1335. Such a case is referred to as a "mixed case appeal." 29 C.F.R. § 1614.302(a)(2). By alleging forced retirement in addition to her discrimination claims, Ms. Conforto sought to bring her case before the Board as a mixed case appeal in which the Board would review both the adverse employment action and the related discrimination claims.

If an employee loses her mixed case appeal on the merits of her discrimination claim, she may obtain further review of the adverse decision, either from a district court or from the EEOC and then (if necessary) a district court, but not from this court. 5 U.S.C. §§ 7702(a)(3), 7703(b)(2); *see* 29 C.F.R. 1614.303–310. That much is clear from the statutes and regulations pertaining to mixed case appeals.

It is now equally clear that the district court's jurisdiction would also extend to review of a mixed case appeal that the Board dismissed on procedural grounds, such as untimeliness. That is the holding of the Supreme Court's recent decision in *Kloeckner v. Solis*. As a result, the district court, and not this court, is charged with jurisdiction over any mixed case appeal that the Board resolves either on the merits or on procedural grounds. That in effect means that any case in which the Board exercises its jurisdiction to decide a discrimination claim, and in which the employee seeks review of that decision, is not appealable to this court. *See Garcia*, 437 F.3d at 1348 n.6.

This case requires us to decide what court has reviewing authority when the Board decides that it does not

have jurisdiction over an appeal because the challenged agency action is not within the Board's statutory power to review. Before *Kloeckner*, we consistently held that judicial review of the Board's "no jurisdiction" rulings resides in this court. Even though Ms. Conforto filed her appeal in this court, she now argues, based on *Kloeckner*, that this court lacks jurisdiction over her appeal and that her case should be transferred to a district court. After close consideration of the *Kloeckner* decision and a careful review of the statutes that govern mixed case appeals, we conclude that this court has jurisdiction to review a determination by the Board that it lacks statutory jurisdiction over an employee's appeal. That category includes the Board's decision that it lacked jurisdiction over Ms. Conforto's appeal because her retirement was voluntary and therefore did not constitute an "adverse action" within the meaning of section 7512.

## A

For years, we have held that appeals such as Ms. Conforto's must come to this court. *Ballentine v. Merit Sys. Prot. Bd.*, 738 F.2d 1244, 1247–48 (Fed. Cir. 1984); *see Oja v. Dep't of the Army*, 405 F.3d 1349, 1355 (Fed. Cir. 2005); *Lang v. Merit Sys. Prot. Bd.*, 219 F.3d 1345, 1347 n.2 (Fed. Cir. 2000); *Austin v. Merit Sys. Prot. Bd.*, 136 F.3d 782, 784 (Fed. Cir. 1998); *King v. Lynch*, 21 F.3d 1084, 1089 (Fed. Cir. 1994); *Wallace v. Merit Sys. Prot. Bd.*, 728 F.2d 1456, 1458–59 (Fed. Cir. 1984); *Hopkins v. Merit Sys. Prot. Bd.*, 725 F.2d 1368, 1370 (Fed. Cir. 1984). The court held that appeals should be taken to this court not only in cases that the Board dismissed for lack of jurisdiction, but also in cases in which the Board exercised jurisdiction over the appeal but disposed of it on procedural grounds without reaching the merits of the employee's discrimination claim. Thus, in *Ballentine*, this court noted that section 7702(a)(1) requires the Board to decide "both the issue of discrimination and the appealable action." 738 F.2d at 1246. The court then reasoned that under the

statutory scheme, "the judicially reviewable action by the MSPB which makes an appeal a 'case of discrimination' under § 7703(b)(2) that can be filed in district court is that the MSPB has decided 'both the issue of discrimination and the appealable action.'" *Id.* Therefore, the court concluded, judicial review would be proper in district court only if the Board decided the merits of the discrimination claim. In other cases, including dismissals on procedural grounds, we held that this court would be the proper forum to review the Board's decision.

Several circuits adopted the position taken by this court, holding that judicial review of mixed case appeals dismissed in the first instance by the Board on any non-merits grounds fell under our jurisdiction. *See McCarthy v. Vilsack*, 322 F. App'x 456, 458 (7th Cir. 2009); *Powell v. Dep't of Def.*, 158 F.3d 597, 598–99 (D.C. Cir. 1998); *Sloan v. West*, 140 F.3d 1255, 1261–62 (9th Cir. 1998); *Blake v. Dep't of the Air Force*, 794 F.2d 170, 172–73 (5th Cir. 1986); *cf. Burzynski v. Cohen*, 264 F.3d 611, 620–21 (6th Cir. 2001) (holding judicial review of a jurisdictional dismissal by the Board must be in the Federal Circuit).

Two circuits departed from the approach employed in *Ballentine* and held that judicial review in cases in which the Board rejected the employee's claim on procedural grounds belongs in district court and not in this court. *See Harms v. Internal Rev. Serv.*, 321 F.3d 1001, 1008 (10th Cir. 2003); *Downey v. Runyon*, 160 F.3d 139, 144–45 (2d Cir. 1998). Importantly, the circuits that departed from our rule did so in cases in which the Board had jurisdiction over the employee's adverse action appeal but did not reach the merits of the employee's discrimination claim due to a procedural fault. Those courts did not hold that the Federal Circuit would be the wrong forum to review a ruling by the Board that it lacked jurisdiction over the employee's adverse action claim. In fact, in *Harms* the Tenth Circuit specifically stated that "when the MSPB decides that it lacks jurisdiction over an appeal

because the employment action is not within the MSPB's designated appellate jurisdiction, the appeal is not a 'case of discrimination' under § 7702(a)(1)," and accordingly the appeal should be reviewed by the Federal Circuit. 321 F.3d at 1008.

In *Kloeckner v. Solis*, 639 F.3d 834 (8th Cir. 2011), the Eighth Circuit had occasion to address the conflicting precedents on this issue. The court noted that the *Harms* case taught that this court was the proper forum for judicial review when the Board dismissed for lack of jurisdiction, but not when the Board dismissed for non-jurisdictional procedural reasons. *Id.* at 837. The Eighth Circuit adhered to the majority rule, however, holding that judicial review in both classes of cases should be in this court and that district courts would have jurisdiction over mixed case appeals only if the Board reached the merits of the employee's discrimination claim. *Id.* at 838.

The Supreme Court granted review in *Kloeckner* and reversed. Endorsing the minority view, the Court held that judicial review of procedural dismissals by the Board must be obtained in district court. The Court, however, was silent on the question of how to treat jurisdictional dismissals, such as the one at issue in this case.

B

Although the Supreme Court in *Kloeckner* did not ex-plicitly address the jurisdictional issue presented here, the statutory text, the Court's rationale in *Kloeckner*, our own prior decisions, and the decisions of other courts all indicate that an appeal from the Board's dismissal for lack of jurisdiction belongs in this court.

The statutory point is simple but compelling. Section 7703(b)(1) of Title 5 states that, except for one relevant exception provided in section 7703(b)(2), review of a final order of the Merit Systems Protection Board will be in the Federal Circuit. Section 7703(b)(2) states that "cases of

discrimination subject to the provisions of section 7702" shall be filed in the district court. Therefore, appeals of Board decisions must be brought in the Federal Circuit unless they are subject to section 7702. Section 7702, in turn, applies to cases in which an employee "(A) has been affected by an action which the employee . . . may appeal to the Merit Systems Protection Board" and "(B) alleges . . . discrimination." 5 U.S.C. § 7702(a)(1). These are the mixed case appeals. Because an employee "may appeal to the Merit Systems Protection Board" only if the employee's claim is within the Board's appellate jurisdiction, the plain import of this statutory language is that a purported mixed case appeal is reviewed by a district court only if the Board has jurisdiction to decide the appeal from the adverse action in issue.[1]

It therefore follows that sections 7703(b)(1) and 7702(a)(1)(A) give this court jurisdiction to review a Board determination that an employee's case is not appealable to the Board, regardless of whether the employee has sought to raise claims of agency discrimination. Thus, for example, if an employee sought Board review of a minor disciplinary action, such as suspension for fewer than 15 days, the appeal would plainly be outside the Board's jurisdiction, and review of the Board's decision would be in this court, not in the district court, even if the employee contended that the action was taken because of discrimi-

---

[1]    The dissent contends that the same analysis would apply to procedural dismissals, as "an employee also may only appeal to the Board if he does so within the applicable time limits," including the procedural 30-day limit set out in 5 C.F.R. § 1201.154(a). But that is not true. The Board has the authority to entertain appeals that are procedurally defective under its own regulations, *see* 5 C.F.R. § 1201.12, but it may not hear a case over which it lacks jurisdiction.

natory animus. The statute, moreover, requires that the Board actually have jurisdiction over the employee's claim, not merely that the employee allege Board jurisdiction. As we held in our en banc decision in *Cruz*, "mere assertion does not provide a basis for Board jurisdiction in [a] voluntary resignation case." *Cruz*, 934 F.2d 1240, 1245.

The Supreme Court's decision in *Kloeckner* supports our conclusion. The employee in *Kloeckner* filed her discrimination claim after the 30-day regulatory deadline provided for in 5 C.F.R. §1201.154(a). Thus, her claim was barred under a procedural rule; the Board dismissed her case only after finding that she had failed to show good cause for her delay. In holding that the district court could hear her claim, the Supreme Court reversed only the line of authority holding that "mixed cases" dismissed by the Board on procedural grounds were appealable to this court.

The scope of the Court's holding in *Kloeckner* is clear in light of the issue the Court took the case to decide. The Court granted certiorari "to resolve a Circuit split on whether an employee seeking judicial review should proceed in the Federal Circuit or in a district court when the MSPB has dismissed her mixed case on procedural grounds." *Kloeckner*, 133 S. Ct. at 603. As we have noted, the courts of appeals that have addressed the issue have unanimously agreed that this court is the appropriate forum for jurisdictional dismissals, and therefore there was no circuit split for the Supreme Court to resolve on that point. The Court reiterated several times throughout its opinion that it was deciding the question whether judicial review of procedural dismissals of mixed case appeals should go to the Federal Circuit. *Id.* at 600, 602–07.[2] By contrast, the Court never mentioned jurisdiction-

---

[2] In light of the Supreme Court's consistent reference to "procedural" dismissals, we do not agree with the

al dismissals, nor did it suggest that the rule it adopted applied to any cases falling outside the Board's jurisdiction.

Importantly, the Court reached its decision pursuant to a statutory analysis similar to the one we have undertaken here.  It held, as we do today, that "mixed cases" are those subject to section 7702.  133 S. Ct. at 603–05.  Significantly, the Court characterized mixed cases, which it held are judicially reviewable in district court, as "those appealable to the MSPB and alleging discrimination."  *Id.* at 604.  And the Court pointed out that Ms. Kloeckner had been removed and thus undoubtedly "she was affected by an action (*i.e.*, removal) appealable to the MSPB."  *Id.*  The Court did not suggest that the same rule would apply to cases falling outside the Board's jurisdiction, such as resignations or retirements that were not shown to be involuntary.

Because *Kloeckner* does not bear on the precise question before us, the rule we apply today must be consistent with the binding law of this circuit.  In *Ballentine*, we analyzed section 7702(a)(1) and concluded that it dictated that jurisdictional dismissals by the Board were reviewable in this court.  738 F.2d at 1246–47.  Although we applied that principle to procedural dismissals as well, that aspect of the decision was not necessary to resolve the case.  *Id.*  Thus, while the Supreme Court's decision in *Kloeckner* rejected *Ballentine*'s extension of its holding to procedural dismissals, it did not affect the portion of *Ballentine* that dealt with jurisdictional dismissals.  For that reason, this court's statutory analysis of jurisdictional dismissals in *Ballentine* and subsequent cases is still

---

dissent that *Kloeckner* was simply silent on the distinction between procedural and jurisdictional limitations.

good law,[3] and we are required to follow it. *See Oja,* 405 F.3d at 1355; *Austin,* 136 F.3d at 784; *King,* 21 F.3d at 1089.

Finally, our decision in this case is consistent with the unanimous view of the circuits that have addressed this question. As we have observed, the two circuits that had rejected this court's analysis in *Ballentine* addressed Board dismissals on procedural grounds, not for lack of jurisdiction. And the Tenth Circuit in *Harms* specifically reasoned, in the course of holding procedural dismissals to be reviewable in district court, that it would have adopted a different view if the Board had dismissed the appeal on jurisdictional, rather than procedural, grounds. 321 F.3d at 1008.

C

Contrary to the dissent, our decision does not deprive a litigant such as Ms. Conforto of the right to a ruling on her discrimination claims. As the Supreme Court made clear in *Kloeckner,* 133 S. Ct. at 601, a federal employee in Ms. Conforto's position can elect to bypass the Merit Systems Protection Board altogether and file a complaint against her agency in district court. *See Garcia,* 437 F.3d at 1342. Our jurisdictional decisions affect only those cases in which an employee elects to proceed by appealing

---

[3] The dissent argues that *Kloeckner* overruled *Ballentine* in its entirety because "*Ballentine,* like *Kloeckner,* involved the application of rules governing the time for filing." That argument ignores the fact that, unlike the regulatory 30-day period at issue in *Kloeckner,* the timing issue in *Ballentine* was jurisdictional. Ballentine had brought his challenge before either the agency decision had issued or 120 days had passed since his initial complaint. *Ballentine,* 738 F.2d at 1248; s*ee* 5 U.S.C. § 7702. Consequently, the Board lacked jurisdiction over his appeal.

to the Merit Systems Protection Board but the Board concludes it does not have jurisdiction over the employee's appeal.

In such a case, if we hold that the Board was correct in its jurisdictional ruling, relief from the Board is of course closed to the employee. But the employee is free to pursue any other remedy that the employee has preserved, such as a Title VII action in district court. *See Cruz*, 934 F.2d at 1247–48; *Sloan*, 140 F.3d at 1260–61.[4] If, on the other hand, we hold that the Board does have jurisdiction, the case returns to the Board for resolution of the merits of the discrimination claim, with review of that ruling available in the district court.

The dissent asserts that in the context of claims of involuntary separation, deciding the issue of Board jurisdiction necessarily requires this court to decide the merits of the employee's discrimination claim, because the issues of discrimination and Board jurisdiction are "identical." That is not so, as this court explained in *Garcia*, 437 F.3d at 1341. In order to establish the Board's jurisdiction, the employee must show that he was forced to resign or retire. The employee in such cases may claim that he was forced to resign or retire in part or in whole because of discrimination by the agency, but the two questions—involuntariness and discrimination—present distinct issues: whether improper conduct by the agency com-

---

[4] Courts have uniformly stated that the decision of the Board, or of this court, holding that the Board lacks jurisdiction over the employee's appeal, would not be given collateral estoppel effect in a discrimination action brought in district court. *Powell*, 158 F.3d at 599 n.2; *Sloan*, 140 F.3d at 1262 n.20; *Dews-Miller v. Clinton*, 707 F. Supp. 2d 28, 53 n.19 (D.D.C. 2010); *Burrell v. U.S. Postal Serv.*, 164 F. Supp. 2d 805, 811 (E.D. La. 2001); *Long v. Frank*, 808 F. Supp. 961, 966 (E.D.N.Y. 1992).

pelled the employee to resign, and whether the allegedly improper conduct was the product of discrimination. Coercion can be found without proof that the improper conduct was the product of discrimination, and discrimination can be found without proof that the discriminatory conduct was so serious as to compel the employee to resign. *Id.* The presence of discrimination is neither necessary nor sufficient to give the Board jurisdiction over a constructive removal claim.[5]

With respect to the issue of coercion—the precise issue presented to us in appeals of this kind—our role is simply to determine whether the employee has made a sufficient showing of coercion to give the Board authority to decide a case that would otherwise be outside the statutory limits of its jurisdiction. We established that principle in our en banc decision in *Garcia*, and although the dissenting judge in this case disagrees with that decision, we are not free to disregard it.

---

[5]    Contrary to the dissent, *Cruz* did not hold that any employee "must prove that the discrimination existed in order to prove coercion (and therefore Board jurisdiction)." *See Cruz*, 934 F.2d at 1244 ("Cruz has submitted no evidence . . . indicating that his resignation was involuntary."). We also rejected the dissent's contention in *Garcia*. 437 F.3d at 1341 (noting "differences between the jurisdictional issues and the merits of the discrimination claim," including that "in mixed cases the discrimination claim itself is adjudicated using the elements, burdens, and defenses specific to the underlying discrimination statute."). The dissent is therefore mistaken to suggest that differences between the jurisdictional issue and the discrimination claim go only to "the scope of relief" available to the employee, and not the merits of the claim itself.

In sum, we conclude that the plain language of section 7702(a)(1) dictates that when the Board dismisses a purported mixed case appeal for lack of jurisdiction, any appeal from that decision is to this court. We decline Ms. Conforto's invitation to read the Supreme Court's decision in *Kloeckner* so broadly as to remove this court's jurisdiction over appeals in such cases. In this case, the Board found that Ms. Conforto's retirement was voluntary and therefore held, in accordance with the binding precedent of this court, that it lacked jurisdiction over her claim of constructive removal. For that reason, the exception to our jurisdiction described in sections 7702(a) and 7703(b)(2) does not apply. We have jurisdiction to decide Ms. Conforto's appeal.

## III

On the merits of the jurisdictional issue, the Board was correct in ruling that Ms. Conforto failed to make a non-frivolous showing that her retirement was "'involuntary and thus tantamount to forced removal.'" *Garcia*, 437 F.3d at 1328, quoting *Shoaf v. Dep't of Agric.*, 260 F.3d 1336, 1340–41 (Fed. Cir. 2001). We therefore uphold the Board's ruling dismissing her appeal without a hearing.

The two principal grounds on which employees have sought to show that their resignations or retirements were involuntary are (1) that the resignation or retirement was the product of misinformation or deception by the agency, *see Covington v. Dep't of Health & Human Servs.*, 750 F.2d 937, 942 (Fed. Cir. 1984), and (2) that the resignation or retirement was the product of coercion by the agency, *see Dumas v. Merit Sys. Prot. Bd.*, 789 F.2d 892, 894 (Fed. Cir. 1986). Ms. Conforto relies on the latter ground, invoking the principle that a retirement can be involuntary if the employee's agency coerced her into retiring "'by creating working conditions so intolerable'" that she was "'driven to involuntarily . . . retire.'"

*Garcia,* 437 F.3d at 1328, quoting *Shoaf,* 260 F.3d at 1341.

The test for involuntariness is objective. The employee must overcome the presumption that her resignation or retirement was voluntary and must do so by establishing "'that a reasonable employee confronted with the same circumstances would feel coerced into resigning'" or retiring. *Garcia,* 437 F.3d at 1329, quoting *Middleton v. Dep't of Def.,* 185 F.3d 1374, 1379 (Fed. Cir. 1999); *see also Terban v. Dep't of Energy,* 216 F.3d 1021, 1024–25 (Fed. Cir. 2000). Ms. Conforto was entitled to a hearing only if she made a non-frivolous showing of coerced retirement. *Garcia,* 437 F.3d at 1344.

The doctrine of coercive involuntariness "'is a narrow one,' requiring that the employee 'satisfy a demanding legal standard.'" *Id.* at 1329, quoting *Staats v. U.S. Postal Serv.,* 99 F.3d 1120, 1124 (Fed. Cir. 1996). An employee's dissatisfaction with the options that an agency has made available to him is not sufficient to render his decision to resign or retire involuntary. *See Mueller v. U.S. Postal Serv.,* 76 F.3d 1198, 1202–03 (Fed. Cir. 1996); *Taylor v. United States,* 591 F.2d 688, 692 (Ct. Cl. 1979) ("[T]he fact that an employee is faced with an unpleasant situation or has to choose between two unpleasant alternatives does not make the resulting action involuntary unless there is deception, coercion, duress, time pressure or intimidation."). Thus, the doctrine of coerced involuntariness does not apply if the employee resigns or retires because he does not like agency decisions such as "a new assignment, a transfer, or other measures that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant . . . that he feels that he has no realistic option but to leave." *Staats,* 99 F.3d at 1124. Moreover, the coercion must be "the result of improper acts by the agency." *Id.*

The agency conducted a detailed analysis of Ms. Conforto's allegations and concluded that there was a reasonable, nondiscriminatory explanation for each of the incidents of which she complained. For example, with respect to her allegation that the agency took away her designated parking spot, the agency explained that all the parking spaces for employees in her department were taken away when it was discovered that those parking places were being used without authorization and that those individuals should have been using staff parking spots. With respect to her complaint about being denied a promotion, the agency explained that no promotion was at issue; rather, another individual was designated to act as the Acting Department Head in the absence of the Department Head (a military position), and that the decision was based on an internal recommendation as to who was best suited to take over that responsibility. Moreover, Ms. Conforto was eventually assigned the role of Acting Department Head after that individual vacated the position.

In investigating Ms. Conforto's contentions regarding the disapproval of training opportunities, the agency found that the April 2010 training was not required for Ms. Conforto's position and that, because of budgetary considerations, Ms. Conforto's division was able to send only four people to the April 2010 training session. The supervisor who made the selection, according to the agency's findings, did so based on the selectees' field of expertise. As for the day-and-a-half training session that Ms. Conforto wished to attend in early August, entitled "Take Back Your Life," the agency concluded that Ms. Conforto had not been prevented from attending the session. However, according to the agency's findings, an important audit for Ms. Conforto's division was to occur only a few days after the training session, and the responsible agency officials advised her that although she was free to attend the training session, the department's

performance in the audit was her responsibility. Ms. Conforto ultimately decided not to attend the training session.

The agency conducted a similar analysis of each of the allegations of discrimination that, according to Ms. Conforto, occurred during the months after she advised the agency, in September 2010, that she was going to retire as of the end of that year. The agency concluded that the October 2010 letter of reprimand sent to Ms. Conforto was based on her failure to complete her assigned tasks and her unprofessional conduct in dealings with one of her supervisors. The agency further stated that the agency official who proposed a seven-day suspension for Ms. Conforto (which was never effected) did so based on her failure to complete assignments, a leave violation, and inappropriate conduct on her part. As to the denial of sick leave, the agency concluded that Ms. Conforto's supervisor had denied her request for leave because he believed it was for annual leave for a day in which her presence was required, but that when Ms. Conforto clarified that the request was for medical reasons, he approved the request.[6]

As the administrative judge noted, Ms. Conforto's response to his order to show why the Board had jurisdiction over her case did not contain a factual response to the agency's analysis. Instead, she simply re-asserted her claims that the various incidents that occurred between late 2009 and early 2011 were all motivated by unlawful discrimination and retaliation both for her prior EEO

---

[6] The administrative judge also observed that Ms. Conforto had already advised the agency of her decision to retire at the time of the October and November 2010 actions about which she complains. She has not explained how those actions support her claim that her decision to retire was the product of coercion.

activities and for her appeal of her 2009 performance rating.

Given the state of the record, the administrative judge was clearly correct to hold that Ms. Conforto failed to satisfy her burden of making non-frivolous allegations that she had been subjected to coercive pressures sufficient to compel a reasonable person to retire involuntarily. In short, she did not demonstrate that she had no realistic alternative but to resign or retire, and that her retirement was the result of "improper acts" by the agency. *Schultz v. U.S. Navy*, 810 F.2d 1133, 1136 (Fed. Cir. 1987). For that reason, we sustain the Board's decision that Ms. Conforto failed to show that her retirement was involuntary—and thus tantamount to a removal action. Accordingly, the Board correctly held that it lacked jurisdiction over her appeal.

**AFFIRMED**

# United States Court of Appeals for the Federal Circuit

---

**MARIE C. CONFORTO,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3119

---

Petition for review of the Merit Systems Protection Board in No. SF0752120154-I-1.

---

DYK, *Circuit Judge*, dissenting.

In my view, the majority's jurisdictional holding is inconsistent with the Civil Service Reform Act of 1978 (CSRA), *see* 5 U.S.C. §§ 7702–03, and with the Supreme Court's decision in *Kloeckner v. Solis*, 568 U.S. ___, 133 S. Ct. 596 (2012). The majority holds that this circuit has jurisdiction to review Merit Systems Protection Board ("Board") decisions in mixed cases involving discrimination allegations even though, as the Supreme Court recently held, Congress specifically excluded those cases from our jurisdiction and required review in district courts. *See* 5 U.S.C. § 7703(b)(2); *Kloeckner*, 568 U.S. ___, 133 S. Ct. at 607.

## I

Under the CSRA, mixed cases are those in which an employee or applicant for employment "alleges that an appealable agency action was effected, in whole or in part, because of discrimination" prohibited by certain federal anti-discrimination laws. 29 C.F.R. § 1614.302(a)(2); *see also* 5 U.S.C. § 7702(a)(1). As the majority correctly observes, 5 U.S.C. §§ 7702 and 7703(b)(2) specify that district courts, not this circuit, have jurisdiction to review Board decisions in mixed cases. In *Kloeckner*, the Supreme Court held that the district courts and not the Federal Circuit have jurisdiction to decide whether a mixed case is barred by procedural error (for example, the failure to timely file). 568 U.S. ___, 133 S. Ct. at 604. The majority here nonetheless concludes that if the alleged bar is not "procedural" but instead rests on an alleged lack of "jurisdiction," the case comes to us and not the district courts.

The majority attempts to find the distinction between jurisdictional Board dismissals and procedural Board dismissals in the text of the statute. *See* Maj. Op. 9–11. The majority appears to reason that a mixed case appeal to the Board is not a "[c]ase[] of discrimination subject to the provisions of section 7702" within the meaning of 5 U.S.C. § 7703(b)(2) unless the employee has established the Board's jurisdiction, including proving that he or she "'has been affected by an action which the employee . . . may appeal to the Merit Systems Protection Board.'" *See* Maj. Op. 10 (omission in the original) (quoting 5 U.S.C. § 7702(a)(1)(A)).

The majority's reading of the statute was necessarily rejected in *Kloeckner*, for the majority's approach would equally give our court jurisdiction to review procedural issues in mixed cases. As the government pointed out in *Kloeckner*, an employee also may only appeal to the Board if he does so within the applicable time limits. *See* Br. for

Resp't in Opp'n at 15–16, *Kloeckner*, 568 U.S. \_\_\_, 133 S. Ct. 596; *see also* 5 C.F.R. § 1201.154. Sections 7702 and 7703(b)(2) do not draw any textual distinction between different types of Board decisions, and there is no other basis for distinguishing between jurisdictional and procedural dismissals.[1]

Indeed, in *Kloeckner*, while holding that the district court lacked jurisdiction to determine whether a procedural bar existed, the Eighth Circuit rejected the procedural-jurisdictional distinction, concluding that it rested on "an unpersuasive textual analysis that would require courts to draw difficult and unpredictable distinctions between [Board] non-merits rulings that are 'jurisdictional,' and those that are merely 'procedural.'" *Kloeckner v. Solis*, 639 F.3d 834, 838 (8th Cir. 2011), *rev'd*, 568 U.S. \_\_\_, 133 S. Ct. 596; *see also Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, \_\_\_, 132 S. Ct. 1237, 1243 (2010) ("[T]he distinction between jurisdictional conditions and claim-processing rules can be confusing in practice.").

In the Supreme Court, in *Kloeckner*, both parties agreed that that any distinction between "procedural" and "jurisdictional" Board decisions was without merit. For example, the government argued that the distinction between jurisdictional and procedural dismissals "has no

---

[1] Notably, where Congress intended to distinguish between different types of Board decisions, it did so expressly. *See* 5 U.S.C. § 3330b(b) ("An election under this section may not be made . . . after the [Board] has issued a judicially reviewable decision *on the merits* of the appeal." (emphasis added)); 5 U.S.C. § 7703(a)(2) ("The Board shall be named respondent in any proceeding brought pursuant to this subsection, unless the employee . . . seeks review of a final order or decision *on the merits* . . . ." (emphasis added)).

basis." *See* Br. for Resp't at 25 n.3, *Kloeckner*, 568 U.S. ___, 133 S. Ct. 596. It also argued that:

> [the] distinction between procedural [Board] dismissals (reviewable in district court) and jurisdictional [Board] dismissals (reviewable only in the Federal Circuit) is difficult and unpredictable. The procedural-jurisdictional distinction rests on the premise that an appeal beyond the [Board]'s jurisdiction does not involve an action which the employee . . . may appeal to the Board under Section 7702(a). But that description applies equally to an appeal, like [Kloeckner's], that is not timely filed.

Br. for Resp't in Opp'n at 15, *Kloeckner*, 568 U.S. ___, 133 S. Ct. 596 (citations and quotation marks omitted). Kloeckner agreed because "determining whether a [Board] ruling was procedural or jurisdictional can be 'difficult and unpredictable.'" *See* Rep. Br. for Pet'r at 2, *Kloeckner*, 568 U.S. ___, 133 S. Ct. 596 (quoting Br. for Resp't in Opp'n, *supra*, at 15).

As the parties recognized, any distinction between "procedural" and "jurisdictional" Board decisions would be unworkable in practice. The Board frequently decides cases on alternate grounds, including both procedural and jurisdictional grounds. *See*, *e.g.*, *Louie v. Dep't of the Treasury*, 211 F. App'x 942, 944 (Fed. Cir. 2007) (reviewing the Board's dismissal of a whistleblowing claim on five alternate grounds, one of which was a lack of jurisdiction); *Davenport v. U.S. Postal Serv.*, 97 M.S.P.R. 417, 417 (M.S.P.B. 2004) (dismissing "for lack of jurisdiction *and* as untimely filed" (emphasis added)); *see also*, *e.g.*, *Marshall v. Dep't of the Navy*, 84 M.S.P.R. 676, 677–78 (M.S.P.B. 2000) (dismissing some allegations as waived, others as abandoned, others as untimely, and still others for lack of jurisdiction).

Given the broad agreement between the parties that it is not possible to meaningfully distinguish between "procedural" and "jurisdictional" Board dispositions, the Supreme Court's silence as to the distinction can hardly be read to approve it. Quite to the contrary, the Supreme Court has recently emphasized the need for "clear guidance about the proper forum for [an] employee's claims" under the CSRA. *See Elgin v. Dep't of the Treasury*, 567 U.S. ___, ___, 132 S. Ct. 2126, 2135 (2012). The Court's view is also reflected in the legislative history, which explains that one of the core purposes of the CSRA was to avoid "a bureaucratic maze which . . . mires every personnel action in red[]tape, delay, and confusion." H.R. Rep. No. 95–1403, at 2 (1978). By attempting to draw a line between procedural and jurisdictional issues, the majority reintroduces the very complexity and uncertainty that the Supreme Court rejected in *Kloeckner* and its prior cases. *See Kloeckner*, 568 U.S. ___, 133 S. Ct. at 604; *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 799 (1985) (noting the "bizarre jurisdictional patchwork" that would result if the forum for judicial review of Board decisions depended on "whether an employee's retirement was involuntary or voluntary, and accordingly . . . whether the appeal might properly be characterized as an adverse action").

Compelling employees with claims to Board jurisdiction to raise those issues in the Federal Circuit rather than the district courts disadvantages them by requiring filing in both the Federal Circuit and the district court to preserve their rights. *See Powell v. Dep't of Def.*, 158 F.3d 597, 600 (D.C. Cir. 1998). Yet, as the Supreme Court noted in *Elgin*, "[t]he CSRA's objective of creating an integrated scheme of review would be seriously undermined" by such "parallel litigation regarding the same agency action." *Elgin*, 567 U.S. at ___, 132 S. Ct. at 2135. On the other hand, if the jurisdictional issue is reviewed in district court, and the district court concludes that

there is no Board jurisdiction, the employee can pursue other avenues of relief in the same district court forum.

The majority's other justification for its approach is that our earlier decision in *Ballentine v. Merit Systems Protection Board*, 738 F.2d 1244 (Fed. Cir. 1984), on this jurisdictional point "is still good law" after *Kloeckner*. Maj. Op. 12–13. But *Ballentine*, like *Kloeckner*, involved the application of rules governing the time for filing. In *Ballentine*, the employee had filed too early, whereas in *Kloeckner*, the employee had filed too late. *See Kloeckner* 568 U.S. at ___, 133 S. Ct. at 603; *Ballentine*, 738 F.2d at 1248. Nothing in *Ballentine* drew any distinction between such procedural issues and jurisdiction; rather, the *Ballentine* rule applied equally to all "threshold matters." *See Ballentine*, 738 F.2d at 1246–47. In *Kloeckner*, the government urged the Supreme Court to adopt this court's statutory analysis from *Ballentine*—that procedural and jurisdictional dispositions do not constitute "judicially reviewable actions" under the statute. *See Kloeckner*, 568 U.S. at ___, 133 S. Ct. at 604–05; *see also Ballentine*, 738 F.2d at 1246–47. The Supreme Court rejected the government's approach, calling it "a contrivance[] found nowhere in the statute's provisions on judicial review" and holding that "[a] federal employee who claims that an agency action appealable to the [Board] violates an antidiscrimination statute listed in § 7702(a)(1) should seek judicial review in district court, not in the Federal Circuit," whether the Board "decided her case on procedural grounds or instead on the merits." *Kloeckner*, 568 U.S. at ___, 133 S. Ct. at 604, 607. Nothing in *Kloeckner* preserved the supposed separate holding in *Ballentine* that "jurisdictional" Board dispositions are to be reviewed here.[2]

---

[2]    The majority also makes much of pre-*Kloeckner* cases from other circuits which held that we have jurisdiction over Board jurisdictional dispositions. *See, e.g.*, Maj.

## II

Quite apart from the majority's misguided attempt to distinguish between "jurisdictional" and "procedural" Board dispositions, it cannot be that we lack jurisdiction to review the "merits" of mixed cases but nevertheless may review "jurisdictional" issues that are identical to the merits of the discrimination claim in mixed constructive adverse action cases.[3] Constructive adverse action cases, perhaps the most common type of mixed cases, are cases in which the employee resigns but contends that the resignation was coerced, and therefore inoperative. *See, e.g., Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1324 (Fed. Cir. 2006) (en banc). In *Garcia*, we held that, in constructive adverse action cases, an employee must prove involuntariness by a preponderance of the evidence in order to establish jurisdiction—the same burden of proof applicable on the merits.[4] 437 F.3d at 1344. Thus,

---

Op. 8. Those cases all relied, either directly or indirectly, on the *Ballentine* approach which the Supreme Court deemed erroneous in *Kloeckner*. *See, e.g., Harms v. Internal Revenue Serv.*, 321 F.3d 1001, 1007 & n.2 (10th Cir. 2003) (citing *Wall v. United States*, 871 F.2d 1540, 1542–43 (10th Cir. 1989) (citing *Ballentine*).

[3] While it is true that where jurisdiction is established the scope of merits relief may present additional issues, *see Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1341 (Fed. Cir. 2006) (en banc), there can be no jurisdiction unless the employee establishes the existence of discrimination.

[4] In this case, the Board found that Conforto failed even to make a non-frivolous allegation that her retirement was involuntary, and thus held that she was not entitled to a jurisdictional hearing. The majority refers to this non-frivolous allegation standard. *See* Maj. Op. 16. Under *Garcia*, however, an employee must ultimately

in constructive adverse action cases, the Board's jurisdiction and the merits are "'inextricably intertwined,'" so much so that "[i]f it is established that a resignation is involuntary, the [Board] not only has jurisdiction, 'but also the employee wins on the merits.'" *Shoaf v. Dep't of Agric.*, 260 F.3d 1336, 1341 (Fed. Cir. 2001) (quoting *Schultz v. U.S. Navy*, 810 F.2d 1133, 1136 (Fed. Cir. 1987)). In other words, in constructive adverse action cases, in general, "the jurisdictional stage is the end of the line before the Board; there is no independent 'merits' phase." *Lloyd v. Small Bus. Admin.*, 96 M.S.P.R. 518, 528 (M.S.P.B. 2004) (McPhie, Acting Chairman, concurring).[5]

---

prove involuntariness by a preponderance of the evidence to establish jurisdiction. 437 F.3d at 1344.

[5]    As I spelled out in my dissent in *Garcia*, this conflating of the jurisdictional and merits tests is itself contrary to the statute. On its face, section 7702 imposes no requirement that an employee prove the merits of his adverse action claim in order to invoke its procedures. The most natural reading of section 7702(a)(1) is that it merely describes the type of allegations that constitute mixed cases "subject to the provisions of section 7702." *See* 5 U.S.C. § 7703(b)(2). That is how the Supreme Court read the statute in *Kloeckner*. *See* 568 U.S. at ___, 133 S. Ct. at 607 ("A federal employee who *claims* that an agency action appealable to the [Board] violates an antidiscrimination statute listed in § 7702(a)(1) should seek judicial review in district court . . . ." (emphasis added)). So too, it is how our sister circuits have read the statute. *E.g.*, *Downey v. Runyon*, 160 F.3d 139, 143 (2d Cir. 1998) ("Mixed appeals to the [Board] are those appeals *alleging an appealable action* affected in whole or in part by prohibited discrimination." (emphasis added)); *Powell*, 158 F.3d at 597 (defining "a 'mixed case' appeal" as "an appeal *alleging both a Board-jurisdictional agency action* and a claim of unlawful discrimination" (emphasis added));

The majority attempts to avoid this difficulty by suggesting that coercion (and therefore Board jurisdiction) might be found without proof of discrimination. *See* Maj. Op. 15. But while an employee might advance such an alternative theory of relief, an employee whose sole claim is that his resignation was coerced *by discrimination* must prove that the discrimination existed in order to prove coercion (and therefore Board jurisdiction). *See Cruz v. Dep't of the Navy*, 934 F.2d 1240, 1244 (Fed. Cir. 1991) (en banc). In such cases, proving the merits of the employee's discrimination claim is necessary to establish Board jurisdiction and the two issues are therefore hardly "distinct."[6]

Under the majority's decision, involuntary retirement claims involving discrimination allegations will almost

*Christo v. Merit Sys. Prot. Bd.*, 667 F.2d 882, 883 (10th Cir. 1981) (describing a mixed case as "containing both a *claim of improper agency action* and a claim of discrimination" (emphasis added)), *vacated*, 667 F.2d 885 (10th Cir. 1982). A plain reading of § 7702 is that it applies to all cases involving allegations of an adverse action and allegations of discrimination. Nothing in the statute indicates that the Board lacks jurisdiction unless discrimination is established by a preponderance of the evidence.

[6]   The majority also suggests that the jurisdictional holding—even if identical to the merits—would not give rise to collateral estoppel. *See* Maj. Op. 14 n.4. The circuit cases cited by the majority were decided before *Garcia* and assumed that the jurisdictional and merits issues were different, not that they were identical. *See, e.g., Sloan v. West*, 140 F.3d 1255, 1262 n.20 (9th Cir. 1998) ("Ordinarily, collateral estoppel would not apply because the discrimination issues would not be actually litigated and necessarily determined in the appeal." (quotation marks omitted)).

never be addressed in the district courts. We will either find that there is jurisdiction (and that the employee therefore prevails on the merits) or that the retirement was voluntary (and the employee therefore loses on the merits). This anomalous approach turns Congress' clear intent on its head, requiring that we address the type of fact-intensive inquiries into matters such as voluntariness and discrimination, for which Congress specifically found review in district courts "more appropriate." S. Rep. No. 95-969, at 63 (1978).

This is also made clear by § 7702(e)(3), which clearly states that "[n]othing in this section shall be construed to affect the right to trial de novo" on the employee's discrimination allegations. 5 U.S.C. § 7702(e)(3). Yet that is precisely what the majority's construction of the statute does in constructive adverse action cases. If we find that the employee has established jurisdiction, then he also necessarily wins on the merits, *Shoaf*, 260 F.3d at 1341, and there is thus no need for a trial de novo, except perhaps on the scope of relief. If we find that the employee failed to establish jurisdiction, then there is no claim on the merits and no need for a trial de novo. Thus, there is, as a practical matter, almost no circumstance in which there can be a trial de novo in the district court. Contrary to the majority's insistence, under our cases an employee cannot establish Board jurisdiction yet "lose[] her mixed case appeal on the merits of her discrimination claim" and then seek review in district court. Maj. Op. 6.

In sum, the majority's effort to preserve our authority to review "jurisdictional" issues in mixed cases (particularly in constructive adverse action cases) is contrary to *Kloeckner* and the statute. I respectfully dissent.